## Goff v. Goff.

(Decided November 16, 1915.)

### Appeal from Pike Circuit Court.

1. Divorce—Abandonment—Allowance for Children. — Where the proof in a divorce suit sustained the wife's charge of abandonment and cruel treatment, and entitled her to the care and custody of the infant children, and where the court granted divorce on her plea, and awarded custody of the children to her, and also held that the husband's charge of adultery was groundless, it was error to limit the allowance in behalf of the children to one year.

2. Divorce—Alimony.—Lack of means other than daily earnings of the husband will not justify a failure to award alimony to the wife where she has no estate and is not in fault.

J. S. CLINE for appellant.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY JUDGE NUNN.—Reversing.

Appellant, the wife, sued her husband, the appellee, for divorce and alimony on the grounds of abandonment and cruel treatment. He answered with a counterclaim for divorce on the ground of adultery.

The proof sustained her charge of abandonment and cruelty. There was no proof in support of his charge of adultery. The court so held, and granted a divorce and awarded to the wife the care and custody of the two infant children. The husband was directed to pay $50 in quarterly payments to her for support of the children, being one year's allowance, and the case was reserved for further orders on the question of allowance after that period. The husband was directed also to pay the costs of the action, including a fee of $25 to her attorney. The court refused to allow alimony to the wife. We approve of the chancellor's judgment on all questions except alimony, and the form of the order as to support for the children. We are of opinion that alimony in some amount should have been allowed to her. She has no estate, was not in fault, and at the time of the judgment was under 21 years of age. The children are twins, and are now about three years old. She is entitled to help from her husband for the support of herself as well as her children. The husband is young and strong, and is able and capable of supporting the mother and children. His daily earnings constitute his estate, but lack of other means will not justify a failure to award alimony.

The allowance of $50 per annum for the children should be in the form of a standing order, and the payments continue until such time as the court may otherwise direct, if circumstances and conditions so change as to demand a modification. The court will allow alimony to the wife in the sum of $150 per year, payable quarterly.

Judgment is reversed, with directions to proceed as herein indicated.