## Day v. Day.

(Decided January 25, 1916.)

Appeal from Montgomery Circuit Court.

1. Divorce—Review of Questions of Alimony—Attorneys' Fees.— While the Court of Appeals cannot disturb a judgment of the circuit court granting a divorce, it has jurisdiction to review the questions of alimony, support and maintenance of the wife and her children, and the amount of fees allowed her attorneys.

2. Divorce—Alimony.—Where a wife, who was without estate of her own, was granted a divorce from her husband, who is a young man 37 years old and in good health, with a net estate of $6,000.00, the wife's alimony is fixed at $2,000.00.

CHAS. D. GRUBBS and ROBT. E. WINN for appellant.

JOHN A. JUDY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Reversing.

The appellant, Bonnie E. Day, and the appellee, Douglas L. Day, were married in October, 1909. Shortly thereafter they went to live upon his farm of 158 acres, about five miles from Mt. Sterling.

She claims that about two years after their marriage he became addicted to hard drink, and that his conduct became so bad that in October, 1911, she was compelled to leave him and return to her father. She remained at her father's home for about two years, and then, at the earnest persuasion of her husband, Mrs. Day returned to live with him upon the farm, under a promise that he would reform his drinking habits.

She claims, however, that he continued to drink and mistreat her, and that she was compelled to leave him in June, 1914. They have one child, a daughter about four years old.

On August 26th, 1914, Mrs. Day filed this action against her husband for a divorce, upon the ground of drunkenness and cruel treatment. She also asked the custody of her child, with an allowance for its support; alimony for herself; and a fee for her attorney.

The chancellor granted Mrs. Day a divorce, with the custody of her child, and $10.00 a month for its support, and a fee of $100.00 to her attorneys, to be paid by the husband. The court, however, declined to adjudge Mrs. Day any alimony. She appeals, asking that she be given alimony, and that the allowance for the support of her child, and the allowance to her attorneys, be increased.

The appellant is without estate of any kind.

The proof amply justified the judgment of divorce; and the custody of the child was properly given to the mother.

While this court cannot disturb the judgment of the lower court granting a divorce, and it is not asked to do so, the three questions presented upon the appeal are legitimate subjects of review.

1. The rule as to alimony in cases of this character is laid down in Tilton v. Tilton, 16 Ky. L. R., 539, 29 S. W., 290, as follows:

"We understand the rule to be that, in an action for divorce, the right of alimony will follow if the wife is granted the divorce, and that while the facts proven may

not justify a divorce, alimony may, nevertheless, be allowed; and while this court has no power to reverse a judgment of divorce, if the husband was not entitled to it, alimony will be given the wife if otherwise entitled. If she is entitled to a separation from bed and board, or to an absolute divorce, the right to alimony follows under the prayer for general relief if the wife is the plaintiff in the action. It is an incident to the main relief sought. Wilmore v. Wilmore, 15 B. M., 49.''

Under any view of the law as applicable to the facts of this case, the appellant was entitled to alimony; the only open question is the amount of the allowance.

The plaintiff is a young man, thirty-seven years old, and in good health. The uncontradicted evidence shows that his farm is worth $60.00 an acre, or an aggregate of $9,480.00; and that in addition thereto he has twenty-nine head of cattle, six horses, and other stock and personal property used in farming operations. There is a mortgage upon the farm for $2,530.00; and, in addition, appellee owes about $500.00 of floating indebtedness, leaving appellee's net estate at something over $6,000.00.

Under these facts, the chancellor should have allowed the appellant alimony in the lump sum of $2,000.00. Thornberry v. Thornberry, 4 Litt., 251; Lacey v. Lacey, 95 Ky., 110; Irwin v. Irwin, 107 Ky., 24; Muir v. Muir, 133 Ky., 125, 4 L. R. A. (N. S.), 909.

2. As the child is yet under school age, the allowance made for her support, while not large, will be sufficient for the present.

The custody of the child, and the provision for its support and maintenance is always within the control of the chancellor and should be revised, from time to time, as the child's best interests may appear. Ky. Sts., sec. 2123. It is, however, the duty of the father to support his child, and the case should be retained upon the docket for the purpose of making the proper orders, in that respect.

3. The allowance of $100.00 as a fee for the appellant's attorneys was not adequate, under the circumstances; the fee should have been at least $200.00, and an allowance of that sum will be made upon the return of the case.

Judgment reversed and cause remanded, with directions to the chancellor to enter a judgment in accordance with this opinion.