### Griffin v. Griffin.

(Decided February 2, 1917.)

### Appeal from Rockcastle Circuit Court.

1. Appeal and Error—Evidence.—Where no objection is taken upon the trial to the introduction of incompetent testimony, the admission of the incompetent testimony cannot be taken advantage of upon appeal.

2. Divorce—Appellate Jurisdiction—Alimony, Maintenance and Fees.—The Court of Appeals is without jurisdiction to reverse a judgment granting a divorce; it has jurisdiction, however, to examine the facts of the case in order to determine the questions of alimony, maintenance of children, and an attorney's fee for the wife.

3. Divorce—Alimony—Evidence.—In an action for a divorce, the right of alimony will follow if the wife is granted the divorce; and, although the proof may not justify a divorce, alimony may, nevertheless, be allowed.

4. Divorce—Duty of Husband to Support Wife and Children.—It is the husband's duty to support his wife and children; and, where the wife is granted a divorce he is in no way relieved of that duty by the fact that he does not own any property.

5. Divorce—Attorneys' Fees.—Where the wife who obtained a divorce, is wholly without estate, her husband will be required to pay the wife's attorney a reasonable fee for his services in the divorce case.

C. C. WILLIAMS for appellant.

BETHURUM & LEWIS for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

Edith Griffin and Ben H. Griffn, the parties to this action, were married on August 16, 1913, and separated on March 16, 1914, seven months later. After their marriage they lived with his father until Thanksgiving day, in 1913, when they moved to a farm belonging to Mrs. Moore, the mother of Edith Griffin.

Ben H. Griffin had rented the Moore farm for one year, and by the terms of his contract he was to give one-half of all the crops he might raise, as rent.

In March, 1914, Ben H. Griffin's father proposed to let Ben have a larger farm, without rent, and Ben says he proposed that he and his wife should move from the Moore place to the Griffin place.

The proof is contradictory as to what was said in that connection, Ben claiming that his wife would not move, while she denies that he made any such proposal.

Up to this time the couple had been supported mainly by his father and her mother. Mrs. Griffin testified that the day they separated Ben said his father would not give him any more money, and as he did not intend to work he "would just leave" his wife. On the next day he departed, leaving his wife alone in the house on the Moore place. She spent the night with a neighbor, and on the next day returned to her mother, where she has since remained.

Edith testified that Ben never contributed anything toward her support; that he would be mad and out of humor, and would say that he "wanted to be mean;" that he wanted to be practicing shooting, since sometime he might want to kill somebody; and, on one occasion he fired his pistol in the house, the ball lodging in the kitchen wall.

An August 10, 1914, a son, Lloyd Griffin, was born.

On March 29, 1915, Edith Griffin brought this action against her husband for divorce upon the ground of one year's abandonment. She also asked alimony; an allowance for the support of her child; and an attorney's fee.

By an amended petition she further alleged that her husband had habitually treated her, for not less than six months, in such cruel and inhuman manner as to indicate a settled aversion to her, and to destroy permanently her peace and happiness.

By his answer, the defendant traversed the petition, and by way of counter-claim he alleged one year's abandonment upon her part, and asked that a divorce be granted to him.

The chancellor granted the plaintiff a divorce, with the custody of her seven months' old child, but denied her any other relief. She appeals.

First, it is insisted that the court improperly permitted the wife to give certain alleged incompetent testimony.

There was no objection taken, however, to her testimony; indeed, the defendant cross-examined her quite at length, and brought out many facts which had not been testified to upon the examination in chief. The defendant also testified, without objection. Under this state of the record, neither party is in a postion to complain of this practice, even though the testimony may have been incompetent.

While this court cannot disturb the judgment of the lower court granting the wife a divorce, and it is not asked to do so, it has jurisdiction to examine the facts of the case in order to determine the wife's right to alimony, maintenance for her child, and attorney's fee. Day v. Day, 168 Ky. 69.

The rule as to alimony in cases of this character is laid down in Tilton v. Tilton, 16 Ky. L. R. 539, 29 S. W. 290, as follows:

"We understand the rule to be that, in an action for a divorce, the right to alimony will follow if the wife is granted the divorce, and that while the facts proven may not justify a divorce, alimony may, nevertheless, be allowed; and while this court has no power to reverse a judgment of divorce, if the husband was not entitled to it, alimony will be given the wife if otherwise entitled. If she is entitled to a separation from bed and board, or to an absolute divorce, the right to alimony follows under

the prayer for general relief if the wife is the plaintff in the action. It is an incident to the main relief sought. (Wilmore v. Wilmore, 15 B. M. 49.)''

Day v. Day, 168 Ky. 69, is similar to the case at bar, and announces the same rule. See also Burns v. Burns, 173 Ky. 105.

While the testimony as to which party was in fault in the separation is contradictory, the wife's testimony to the effect that her husband departed and left her alone, in the house, is uncontradicted; and, we think the weight of the testimony sustains the finding of the chancellor in granting the divorce to the wife. It is a fair inference from the proof that the defendant concluded the easiest way to avoid supporting his wife was to abandon her, and that he carried out that purpose. Carter v. Carter, 140 Ky. 230.

Under the authorities, therefore, the cancellor should have allowed the appellant a reasonable sum in alimony. Upon this point, however, it is earnestly insisted for the appellee that the proof nowhere shows that the appellee has any estate. That is true; in fact, neither party has any estate. Nevertheless, it is the husband's duty to support his wife and children; and, he is in no way relieved of that duty by the fact that he does not own any property. While the fact that his estate consisted solely of his ability to earn money may affect the amount of alimony, it cannot relieve him of paying what is proper. Ramsey v. Ramsey, 162 Ky. 747; Goff v. Goff, 166 Ky. 715.

Likewise, the custody of the infant child having been adjudged to the mother, the appellee should have been required to pay her a reasonable sum, at stated times, for the support, care and nurture of his child. Tuggles v. Tuggles, 17 Ky. L. R. 222, 30 S. W. 875. By giving the mother custody of her seven months' old child, it imposed upon her the duty of supporting it, as well as herself, while the husband, who is much more able to earn money, is relieved entirely of any obligation to support any part of his family.

Furthermore, the appellee should have been required to pay his wife's attorney a reasonable fee for his services, she being wholly without estate.

Considering the financial condition of the parties, and the appellee's limited ability to earn money, the circuit court will, upon the return of the case, enter a judgment fixing the wife's alimony at $6.00 per month; allow her the further sum of $6.00 per month for the support of

their infant child: and $25.00 as a fee for her attorney. While we recognize that the alimony and the allowance for the child are low, and that the attorney's fee is wholly inadequate considering the services rendered, it is as much as should be allowed, under the circumstances.

The court will, moreover, retain the case upon the docket for the purpose of enforcing the judgment, by rule or otherwise, and for the further purpose of adjusting the allowance of alimony and for the support of the child as may be proper, from time to time, in case the defendant's financial condition should improve, or the necessities of the wife and infant should become greater. Ky. Stats., sec. 2123; Day v. Day, *supra.*

Judgment reversed with instructions to enter a judgment as above indicated.