## Ford v. Ford.

(Decided November 19, 1918.)

### Appeal from Pike Circuit Court.

1. Divorce—Appeal—Questions Reviewable.—While the Court of Appeals cannot disturb a decree of divorce, it has jurisdiction to examine the facts of the case in order to determine the wife's right to alimony, as well as her right to the maintenance and custody of her children.

2. Divorce—Adultery and Lewd Conduct of Wife—Evidence—Sufficiency.—In a divorce suit by husband, evidence held insufficient to show the wife was guilty of adultery or of such lewd and lascivious behavior as proved her to be unchaste.

3. Divorce—Cruel and Inhuman Treatment by Husband—Evidence—Sufficiency.—In a counter-suit for divorce by a wife, evidence held to show such cruel and inhuman treatment on the part of the husband as entitled her to a divorce.

4.  **Divorce—Alimony.**—In a counter-suit by a wife for divorce and alimony, the wife held entitled to an allowance of alimony in the sum of $250.00.

CLINE & STEELE for appellant.

CHILDERS & CHILDERS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Charles Ford brought this suit against his wife, Myra Ford, for a divorce on the ground of adultery and such lewd, lascivious behavior on her part as proved her to be unchaste. The defendant filed an answer and counterclaim, denying the allegations of the petition and asking a divorce from plaintiff on the ground of cruel and inhuman treatment and on the further ground of a confirmed habit of drunkenness, accompanied by a wasting of his estate. On final hearing, the parties were divorced and plaintiff awarded the custody of his eleven year old son, while defendant was awarded the custody of their two girls, aged respectively seven and nine. The defendant was allowed to retain the household goods and the plaintiff was ordered to pay her $25.00 per month for the maintenance of the two girls. The defendant appeals.

While this court cannot disturb the decree of divorce, it nevertheless has jurisdiction to examine the facts of the case in order to determine the wife's right to alimony, as well as her right to the maintenance and custody of her children. Griffin v. Griffin, 173 Ky. 636, 191 S. W. 458. The evidence is very voluminous and it would serve no good purpose to detail it at length. However, we have carefully considered and weighed all the testimony bearing on the chastity of Mrs. Ford, and viewing this evidence in the light of her devotion to her church and Sunday school, and her charitable works among her neighbors, as well as in the light of the testimony of the witnesses, the relations which they bore to her, the circumstances surrounding the acts to which they testified, and of their own admissions, we conclude that the evidence was not only insufficient to prove adultery but was also insufficient to show that she was guilty of such lewd and lascivious conduct as proved her to be unchaste. On the other hand, it is manifest from the evidence that the charge of cruel and inhuman treatment on the part of the plaintiff was clearly established. We are therefore

of the opinion that the defendant was entitled to a divorce from the plaintiff and that she should have been awarded alimony in the sum of $250.00. So far as the custody of the children and the allowance for the maintenance of the two girls are concerned, we see no reason to disturb the judgment.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.