## Krieger v. Krieger.

(Decided May 8, 1923.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

Divorce—Evidence May be Reviewed to Determine Whether Denial of Alimony was Improper.—Where the court granted the husband's petition for divorce and dismissed the wife's counterclaim for divorce, alimony, and the custody of the children, the Court of Appeals, while it has no power to reverse the decree of divorce, may review the evidence to determine whether the wife's claim for alimony and the custody of the children was improperly denied.

E. C. O'REAR and CLEM W. HUGGINS for appellant.

ALLEN P. DODD, SAMUEL S. BLITZ, SHACKLEFORD MILLER and MERIT O'NEAL for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellee sued appellant for divorce and the custody of their infant children. In her answer and counterclaim appellant sought a divorce from appellee, and asked that she be awarded alimony and the custody of the children. From a decree granting the prayer of the petition and dismissing appellant's counterclaim, this appeal is prosecuted.

While we have no power to reverse the decree of divorce, we may review the evidence and determine whether the wife's claim for alimony and the custody of the children was improperly denied. Ford v. Ford, 182 Ky. 134, 206 S. W. 165; Burton v. Burton, 184 Ky. 268, 211 S. W. 869. As no novel questions of law are involved, and the facts concern only the parties and their children, it would serve no good purpose to detail the evidence at length. It is sufficient to say that in view of the suggestion that, because of appellee's official position, appellant was at a great disadvantage in the preparation and conduct of her side of the case, we have examined the record with great care, and to that end have read and re-read the material portions of the evidence. It is possible, of course, that appellant's account of the circumstances, which culminated in the institution of this action, is true, but, after giving her the benefit of evidence of doubtful admissibility, and weighing the evidence for appellee in the light of the character of those who gave it, we are unable to say that the chancellor's finding is not correct.

Judgment affirmed.

Whole court sitting.