## Jones v. Jones.

(Decided November 14, 1924.)

### Appeal from Lincoln Circuit Court.

1. Divorce—Wife Entitled to Divorce on any Ground has Right to Alimony.—Wife entitled to divorce on any ground is entitled to alimony.

2. Divorce—Court of Appeals May Not Reverse Judgment of Divorce Improperly Granted, and Alimony will be Allowed.— Though Court of Appeals has not power to reverse judgment of divorce improperly granted to wife, if such divorce be granted, she will be allowed alimony.

3. Divorce—Unfounded Charge of Adultery is Ground for Granting of Divorce to Wife.—A baseless and unfounded charge of adultery against wife by husband is of itself such cruel and inhuman treatment as to authorize granting of divorce.

4. Divorce—Denial of Alimony Held Error.—Where plaintiff wife's evidence showed unfounded charge of adultery, and entitled her to divorce, it was error to deny her some allowance for alimony.

5. Divorce—Wife Allowed $750.00 Alimony where Husband's Net Worth was $2,500.00.—Where husband's net worth was approximately $2,500.00, held wife would be allowed $750.00 as alimony, payable at rate of $25.00 monthly.

C. C. WILLIAMS for appellant.

P. M. McROBERTS for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

Appellant and appellee were married in 1916. They had each been previously married, and each at the time had a daughter, one eight and the other ten years of age.

The first year of their married life they lived at London, Ky., and thereafter until 1921, when they separated, they lived at Stanford, Ky. Shortly after the separation appellant brought this suit for divorce upon the ground of cruel and inhuman treatment, as well as for alimony.

After a full preparation of the case upon this ground, and after the case had been heard by the chancellor, upon suggestion of the court plaintiff filed an amended petition asking for a divorce upon the ground of abandonment. The court granted the plaintiff a divorce upon the ground of abandonment, but declined to allow her any alimony, and from the latter part of the judgment the plaintiff has appealed.

If upon an examination of the evidence this court reaches the conclusion that the divorce should have been granted upon the ground of cruel and inhuman treatment, it necessarily follows that the plaintiff was entitled to allowance of some kind for alimony. In fact, the general rule in this jurisdiction is that where the wife is shown to be entitled to a divorce upon any ground her right to alimony naturally follows; and that while this court has no power to reverse a judgment of divorce improperly granted by the lower court, yet if such divorce be granted to a wife she should be allowed alimony. Griffin v. Griffin, 173 Ky. 636; Day v. Day, 168 Ky. 68.

The facts in this case are that shortly after these parties married defendant, who was a man of high temper and of unfortunate disposition, was at times very rude and unkind to the plaintiff, and in the presence of others at various times during their married life made charges and insinuations against her chastity which caused her great unhappiness and destroyed her peace of mind. These things are chiefly testified to by the plaintiff herself, but there is in evidence a letter written by him shortly after their separation in effect making the same charges and threatening to make public certain letters, which he claimed to have, and in addition making insinuations about her relations with another named man.

Certainly this letter, the authenticity of which is not denied, is strongly corroborative of the wife's statement that he had upon various occasions not only insulted her,

but reflected upon her character and in effect charged her with infidelity. This letter, though written after the the separation, is most convincing that the wife's evidence about what occurred between them during the marriage relation is true, and that he in fact made the charges and was guilty of the conduct testified to by her.

Notwithstanding his threat in the letter referred to, to make pubilc three letters which he claimed to have reflecting upon his wife's fidelity, he not only does not introduce any such letters in this case, but he does not even defend the action upon any such ground as therein intimated. Nor is there any evidence introduced tending to corroborate any such charge if it had been made.

It has long been the rule in divorce cases by the wife that a baseless or unfounded charge of adultery against her by the husband is in and of itself such cruel and inhuman treatment as to authorize the granting of a divorce to the wife. Johnson v. Johnson, 183 Ky. 42; Nichols v. Nichols, 189 Ky. 500.

It necessarily seems to follow that the plaintiff was entitled to a divorce upon the ground of cruel and inhuman treatment, and that the court erred in not granting to her some allowance for alimony.

At the time of the marriage appellee had comparatively little property, but during the marriage he seems to have in a modest way prospered, and, as shown by the record, after some financial assistance from his wife, he has established a reasonably prosperous small grocery business which he is operating in the city of Stanford, and that his stock of goods in that store on the average is worth from $2,000.00 to $2,500.00. In addition to that he has title to two pieces of real estate in Stanford said to be worth from $2,000.00 to $2,500.00, and there is some suggestion that he is the owner of another house and lot, to which he has not a deed, worth seven or eight hundred dollars. On the contrary, his debts appear to be, including the running debts of his business, half of the value of all his property, or in the neighborhood of $2,500.00, which leaves him worth approximately $2,500.00

Under the facts of this case we think an allowance of a lump sum for alimony, all payable at one time, would be an injustice to appellee. He has an afflicted daughter that he must support, and a lump sum payable all at once might cripple him in his business.

We have concluded therefore that the plaintiff should have been allowed $750.00 for alimony, and that this should be payable at the rate of $25.00 per month until satisfied. And as the chancellor refused the plaintiff any allowance pending the action we have concluded to overrule the motion made in this court for an allowance pending this appeal.

The judgment is reversed with directions to enter a judgment as herein indicated.