## Henry v. Henry.

March 2, 1943.

484

Reid Prewitt for appellant.

J. J. Winn for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Affirming.

In this action filed by the appellee, Nell Henry, she was awarded a divorce and alimony of $25 per month to continue until further order. The appeal is from that portion of the judgment awarding alimony.

Grounds for divorce alleged by appellee were abandonment and cruel and inhuman treatment. Appellant denied the alleged grounds but did not testify and offered no evidence. The evidence introduced by appellee was ample, in the absence of contradiction or explanation, to authorize the judgment of divorce. And, being entitled to a divorce, appellee's right to alimony naturally followed. Jones v. Jones, 205 Ky. 538, 266 S. W. 48; Griffin v. Griffin, 173 Ky. 636, 191 S. W. 458.

It is contended by appellant, however, that since appellee introduced no evidence as to the amount of his estate or as to his income and earning capacity and since her evidence disclosed she was earning $30 per month and was receiving $20 per month rent for a portion of her apartment, no showing was made justifying the award of alimony. We are cited to Shehan v. Shehan, 152 Ky. 191, 153 S. W. 243 and other similar cases which hold, in construing section 2122 of the Kentucky Statutes (now KRS 403.060), that the fixing of alimony is to be regulated by a number of circumstances such as the size of the husband's estate, his age, income, health, ability to labor and earning capacity, as well as the age, health and situation of the wife. But, it seems to us, appellant misconstrues this rule to be one placing the burden of proof on the wife. Clearly, it is not. It is only a gen-

eral formula to be applied in the light of such evidence as is actually before the court. If the husband seeks a lightening of the burden of alimony, he may introduce evidence tending to establish his inability to pay. From his failure to do so it will be presumed that he is able to discharge the duty of supporting his wife.

In any event, there was some evidence on which to base the rather moderate award of alimony. It is shown that appellant is the owner of a one-half interest in a valuable farm of more than 200 acres. Apparently there is an outstanding mortgage thereon but appellee, who furnished the only testimony on this question, while admitting that the mortgage amounted to $17,500 when appellant acquired the farm twenty-one years ago, stated that she did not know the amount of the indebtedness at the present time. Appellee also testified that up until three years prior to the time of her testimony appellant had earned considerably more than $200 per month as a traveling salesman. The natural inference to be drawn from this, in the absence of evidence to the contrary, is that appellant possesses at least a fair degree of earning capacity.

In view of the evidence before the chancellor, we do not think the allowance of $25 per month was unreasonable. It is shown that appellee is in poor physical condition. The $30 per month earned by her in caring for an invalid, as well as the $20 per month received for rent, are rather precarious sources of income and her earnings are obviously insufficient to maintain her in the manner to which she had been accustomed by her station in life.

If appellant was actually unable to pay alimony, he should have furnished the court with evidence demonstrating that fact. He was better able to inform the court of the amount of his estate and his ability to earn money than was his wife. She, apparently, furnished all the information possessed by her. Having failed to inform the court fully as to his condition, which he could easily have done, appellant is in no position to complain that the information furnished by his wife was insufficient.

Affirmed.