WALDEN, Judge.
This is an appeal brought by a former wife from a post decretal order of the trial court. It construed a separation and property settlement agreement which she and her former husband had made and which had been incorporated in their final decree of divorce in 1962. We reverse.
The parties to this appeal were married in 1947. One child, Bruce Barsumian, was born in 1951 as a product of this marriage. In 1962, pursuant to obtaining a divorce, the parties entered into an agreement whereby the wife was to have permanent custody of the child, and also providing that the husband would pay to her $750.00 per month as alimony and support. The actual agreement was as follows:
“The Husband is obligated to pay to the Wife the sum of SEVEN HUNDRED FIFTY DOLLARS ($750.00) per month as alimony and support and the Wife agrees to become obligated to the future income tax payments for these funds. This obligation shall exist not only as to the United States Income Taxes, but also as to any State income taxes that now or may hereafter be imposed. This obligation on the part of the Husband shall continue so long as the Wife is living and remains unmarried. In the event of the Husband’s death, then the Wife shall have an appropriate claim to enforce her rights under this Agreement. In the event the Wife remarries, the parties hereto shall enter into a later Agreement with respect to the support and maintenance of the minor child born of this marriage, namely, BRUCE RANDALL BARSUMIAN. In the event the parties can reach no agreement with respect to the future support of Bruce Randall Barsumian, then in that event, application shall be made to the Court having jurisdiction of the matter for determination of the amount of support.
“It is mutually agreed and understood that the provisions of this Agreement with respect to property and obligations as to alimony and support will be incorporated into any Final Decree of Divorce that may hereafter be entered.
“It is mutually agreed between the parties that upon the election of the Wife the Husband shall be obligated to have the $750.00 per month be paid through a bank.” (Emphasis supplied.)
The court ratified and incorporated this agreement into the Final Divorce Decree, dated October 1, 1962. It is important to note there was no division or allocation of a specific portion of the $750.00 per month as between the wife’s alimony and child support.
On March 6, 1968, the husband filed a Petition to Determine Child Support and Alimony. It was a naked request “for a determination as to what portion of the award of $750.00 should be considered alimony and what portion should be considered support.” It was not a petition for modification and did not allege any change in circumstances or any basis for relief or explanation as to why the order was needed or sought. In due course the appealed order was entered wherein it was observed that indeed the agreement did not divide the sum into separate amounts. The trial court then proceeded to do so and determined that thereafter $279.00 would be child support and $471.00 would be alimony.
*517 Since October 1962 the husband has paid to the wife the $750.00 per month. This has been true even when the father has been permitted to have temporary custody of the child in accordance with visitation rights granted, which have resulted in the husband’s taking the child on trips exceeding one month’s time. The record also reveals that the husband has deducted from his gross income, for Internal Revenue Service purposes, all monies paid to his wife (some $62,500), while the wife has included all such monies in her income. Only money paid as alimony is deductible to the husband, not that paid for child support. Thus, it is manifest that during this period the parties, for the husband’s advantage and as they agreed, treated and considered the payment solely as alimony, although possibly the wife used some portion of the payment to support the child.
The real motivation for the husband’s petition is obvious. The child now being 17 years of age would soon become emancipated. Thus, payment of sums determined to be child support would soon cease and the $750 payment reduced accordingly. All payments deemed or treated as alimony would, of course, continue until the wife’s death or remarriage. Such dimunition as sought and obtained by the husband would more than offset the tax advantage to him for the short remaining time that would accrue to the husband by reason of the treatment of the whole sum as alimony.
The wife unsuccessfully defended against the motion saying that the whole sum was alimony as a matter of law and that the husband was barred because of the Statute of Fraud, estoppel, laches and waiver.
Looking at the agreement, by its very terms the husband’s obligation for the whole sum is to continue so long as the wife is living and remains unmarried. These two events to which the husband’s obligation is tied are clearly tests of alimony, not child support and are inconsistent with the suggestion that a portion was intended as child support. It is also noteworthy that there is no provision for the termination of the husband’s obligation upon the death or emancipation of the child. Additionally, it is significant that the parties designated the payments as alimony and support, but that they referred to the possible future obligation for the support of the minor child as support and maintenance.
That this was deliberate and no oversight is further demonstrated by the provision that, if the wife re-marries, a new agreement would be reached determining the child’s support and maintenance. This is, of course, inconsistent with the idea that the instant agreement intended a portion of the $750.00 to be child support. If it did there would be no necessity for a new agreement. These are all illustrative of the parties’ intent that the $750.00 per month was meant solely as alimony to support the wife. While the court had the power to modify this agreement, a fundamental prerequisite in a modification proceeding is a showing of a substantial change in the circumstances of the parties. There is no allegation of evidence of a change of circumstances in the instant case. See Fort v. Fort, Fla.1956, 97 So.2d 690, and Putnam v. Putnam, Fla.App.1969, 226 So.2d 30.
The strongest basis for the wife’s position is that of equitable estoppel. This principle seems to exactly fit the circumstances of this case. It was defined in United Contractors, Inc. v. United Construction Corporation, Fla.App.1966, 187 So.2d 695, at page 701:
“ ‘Equitable estoppel’ precludes a person from maintaining a position inconsistent with another position which is sought to be maintained at the same time or which was asserted at a previous time; and, as a general rule where a person has, with knowledge of the facts, acted or conducted himself in a particular manner, or asserted a particular claim or *518 right, he cannot afterward assume a position inconsistent with such act or conduct to the prejudice of another who has acted in reliance on such conduct. The doctrine requires of a party consistency of conduct, when inconsistency would work substantial injury to the other party. 31 C.J.S. Estoppel § 108, page 548, et seq.; Rosello v. Hayden, Fla.1955, 79 So.2d 682; Fairlie v. Scott, 1924, 88 Fla. 229, 102 So. 247; Holly Hill Citrus Growers’ Ass’n v. Holly Hill Fruit Products, C.A.Fla.1935, 75 F.2d 13. The doctrine of estoppel is a part of the common law enforced in Florida, and it should be appropriately applied when the facts in a litigated case justify it. Steen v. Scott, 1940, 144 Fla. 702, 198 So. 489. As stated in Warren v. Tampa Mortgage Investors’ Co., 1933, 112 Fla. 555, 150 So. 738, text 741: ‘[t]he law is too well settled to admit of controversy that one may not accept the fruits of a contract and at the same time renounce, or repudiate, the burdens which that contract places upon him.’ ”
Thus, one who accepts the fruits of a contract, as the husband did here by accepting tax deduction on payments of $62,-500.00, can not later renounce and repudiate the contract in order to obtain a new financial advantage which would be damaging to the wife. Additionally, the principles of laches and waiver stand in bar to the husband’s effort because of his conduct in making seventy monthly payments over a six year period before asking a court for a new construction of the contract.
There seems to be no question that tax considerations were the primary motive behind the type of agreement executed in this case. It would appear the husband gambled that the wife would remarry before the child was emancipated. Merely because it turns out that the husband gambled and lost he should not now be permitted to go back on an obligation, the benefits of which he has accepted for six years.
It is also interesting that the husband’s current effort does not contain an offer to do equity. For instance, if the parties had truly intended from the start that $279.00 per month of the payment should constitute child support, then it would seem only right and just that the tax monies paid on this sum should have been the obligation of the husband from the beginning and the wife recompensed accordingly. This is, as exactly reflected in the agreement, contrary to its terms.
In conclusion, the wife contends that the recent case of Hunter v. Hunter, Fla.App.1969, 221 So.2d 189, is dispositive of the instant case. In Hunter there was no written contract, but the husband made regular payments which the wife accepted for over a year. Being then dissatisfied, the wife asked for a judicial award. The court refused to intermeddle, holding that the parties, by their conduct, demonstrated they had entered into a valid implied contract which the court would enforce. The present case would seem much stronger because here we have a written contract that has been in force for six years.
There being no basis for relief advanced or demonstration of a change in circumstances, we are convinced that the law and the equities of the matter require that the parties abide by the agreement that they made and tendered to the court. We are satisfied that their future performance should be consistent with that they have long esablished and chosen to follow during the past years. In other words, the $750.00 payment should be considered as alimony and that the question of child support should only arise if the wife should remarry or die (thereby terminating alimony) while the child is a minor.
*519 The order on appeal is reversed with instructions to enter an order consistent with the expressions here made.
Reversed and remanded.
McCAIN, J., concurs.
OWEN, J., dissents, with opinion.