PER CURIAM.
This is an appeal from the lower court’s order which denied appellant Pennie Lee Harris’ petition for assignment of dower and estopped her from asserting any right to dower in property formerly owned by her deceased husband.
Jordan D. Harris, appellant’s husband, conveyed a parcel of real property to ap-pellees, Wilbur C. Sims and Michealane Sims, his wife, in November 1968 subject to a first mortgage and a purchase money second mortgage. Harris, by affidavit, represented himself to the appellees as a single man and he conveyed the subject property without the joinder of his wife. *57 Following Harris’ death in September 1969 appellant contacted her husband’s former attorney who then reviewed with appellant the various options available to her under the law relative to claiming a dower interest in the real property and/or an intestate share of the purchase money mortgage encumbering the real property. A settlement of the appellant’s rights was reached wherein appellant agreed to waive her dower claim to the property and accept her intestate share of the mortgage. Appellant executed a petition for order of administration unnecessary and agreed to have ap-pellees make the payments due appellant to her attorney’s trust account.
For a fourteen month period following the settlement, appellees made the required payments to the trust account and in reliance upon the settlement they made improvements in the property, paid taxes, insurance premiums and .they continued to make the mortgage payments on the first mortgage. In March 1971 appellant filed a petition for letters of administration in this cause and in April 1971 she filed her election to take dower and had it served upon the appellees. The trial court denied the petition for assignment of dower and es-topped appellant from claiming any right, title or interest in the subject property.
Appellant’s willful actions in this cause prompted appellees to believe that no claim for dower could be forthcoming from appellant. In reliance upon appellant’s representations, appellees improved the property and performed the other acts enumerated above. All of these circumstances taken together produce the necessary elements for an estoppel against appellant which will now preclude her from attempting to maintain a position inconsistent with her earlier position. Barsumian v. Barsumian, Fla.App.1970, 235 So.2d 515; United Contractors, Inc. v. United Construction Corp., Fla.App.1966, 187 So.2d 695.
The application of the doctrine of estop-pel to cases involving a widow’s claim for dower has been repeatedly approved by the Florida courts if the requisite elements are established. Johnson v. Hayes, Fla.1951, 52 So.2d 109; LaMar v. Lechlider, 135 Fla. 703, 185 So. 833 (1939); Robison v. Krause, Fla.App.1962, 136 So.2d 373; Youngelson v. Youngelson’s Estate, Fla.App.1959, 114 So.2d 642; Wax v. Wilson, Fla.App.1958, 101 So.2d 54.
Therefore, having determined that the trial judge committed no error, the order appealed from is hereby affirmed.
Affirmed.