GUNTHER, Judge.
Appellants appeal the non-final order denying their motion for additional post-judgment interest from the appellee. We reverse.
Previously, the appellants, Darlene and Jim Mackay (Mackays), obtained a final judgment against appellee, Associated Electric and Gas Insurance Services, Ltd. (Aegis). Aegis appealed but the final judgment was affirmed by this court per cu-riam, rehearing was denied, and this court issued its mandate on June 12, 1987. On June 17, 1987, Aegis sought by mandamus to have the Florida Supreme Court review this court’s denial of Aegis’ motion to supplement the appellate record. Aegis also filed a motion for stay in the supreme court.
On July 6, 1987, the Mackays had judgment entered on the supersedeas bond and were entitled to execute on the judgment on July 16, 1987, pursuant to Florida Rule of Civil Procedure 1.550. On July 16,1987, Aegis deposited the amount due the Mack-ays into the registry of the court, pursuant to section 55.141, Florida Statutes (1987). That same day, the supreme court clerk’s office advised Aegis that the court had issued its order to show cause in the mandamus proceeding and had also stayed proceedings in the district and circuit courts. Aegis then wrote the circuit court clerk and directed her not to disburse the monies Aegis had deposited.
After the supreme court denied Aegis’ petition for writ of mandamus, the Mack-ays moved the trial court to release the funds in the court registry and to award additional interest for the period from the time of the deposit until the hearing. After the hearing, the trial court entered an order directing the clerk’s office to make payment to the Mackays, but denied the Mackays’ request for additional interest.
The denial of their request for additional interest to be paid by Aegis is the subject matter of this appeal.
In the instant case, the trial court found that the stay issued by the supreme court after Aegis deposited the funds in the circuit court registry did not preclude the clerk from distributing the money to the Mackays. The supreme court’s order of stay provided: “The motion to stay is hereby granted and proceedings in the District Court of Appeal, Fourth District, and in the Circuit Court in and for Martin County, Florida, are hereby stayed pending disposition of the Petition for Writ of Mandamus filed herein.” The clerk of court’s duties under section 55.141, Florida Statutes (1987), are ministerial, not involving judicial “proceedings.” Thus, the stay which applied only to “proceedings” did not prevent the clerk from disbursing the funds deposited.
The issue before this court is whether Aegis’ deposit acted as a satisfaction of judgment under section 55.141 despite Aegis’ actions to the contrary. Aegis had directed the clerk by letter not to disburse the funds because of the stay by the supreme court. However, in the trial court, Aegis argued that the letter and stay did not thwart the operation of the statute because the clerk remained free to disburse the funds despite Aegis’ directions to the contrary.
We agree with the Mackays’ assertion that Aegis is estopped to assert that the clerk was free all along to distribute the money to the plaintiffs notwithstanding the supreme court order. 22 Fla.Jur.2d Estop-pel and Waiver § 48 and § 49 (1980) provide:
It is a well-recognized general rule that a party may not occupy inconsistent positions in regard to a matter or take a position which is directly contrary to or inconsistent with one previously assumed *1070 by him, at least where he had or was chargeable with knowledge of the facts and another will be prejudiced by his action.... Equitable estoppel precludes a person from maintaining a position inconsistent with another position which is sought to be maintained at the same time or which was asserted at a previous time.
In Barsumian v. Barsumian, 235 So.2d 515 (Fla. 4th DCA 1970), this court recognized the doctrine of equitable estoppel and defined it as follows:
“Equitable estoppel” precludes a person from maintaining a position inconsistent with another position which is sought to be maintained at the same time or which was asserted at a previous time; and, as a general rule where a person has, with knowledge of the facts, acted or conducted himself in a particular manner, or asserted a particular claim or right, he cannot afterward assume a position inconsistent with such act or conduct to the prejudice of another who has acted in reliance on such conduct. The doctrine requires of a party consistency of conduct, when inconsistency would work substantial injury to the other party. [Citations omitted.]
On the one hand Aegis sent the clerk a copy of the supreme court order and a letter directing the clerk not to disburse the money deposited without a court order. Then at the hearing on the Mackays’ motion to obtain additional interest, Aegis argued to the judge that the clerk remained free to disburse the funds.
Aegis procured the stay, wrote the letter, and the Mackays relied on it. Thus, Aegis is equitably estopped from denying the Mackays’ right to the additional interest. Therefore, the trial court’s denial of additional interest is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
HERSEY, C.J., and STONE, J., concur.