DAVIDSON, LISA, Associate Judge.
Suzanna Kennedy Bailey (“Suzanna”) instituted an action seeking a declaration of her rights and obligations under her uninsured motorist policy with State Farm Mutual Automobile Insurance Company (“State Farm”). After the declaratory action was filed, Suzanna amended her complaint to waive any claim for economic damages. The trial court entered a final summary judgment dismissing Suzanna’s action and denying her motion for rehearing. Suzanna appeals.
Suzanna was injured when she was a passenger on a motorcycle driven by Jason Bailey (“Jason”), her then boyfriend whom she subsequently married. The motorcycle collided with an automobile driven by William Salzman. Salzman, insured with Allstate Insurance, had bodily injury coverage. Jason did not maintain bodily injury liability coverage, and therefore was uninsured. Suzanna and Jason brought an action against Salzman for their injuries. That lawsuit was settled.[1] Suzanna executed a release in favor of Salzman and Allstate without State Farm’s consent or knowledge.
Thereafter, Suzanna brought this declaratory judgment action against State Farm alleging that both Jason and Salzman were negligent. Suzanna’s complaint requested a declaration that she is covered under her uninsured motorist policy with State Farm for damages that were caused by Jason’s negligence.[2]
State Farm argued in its motion for summary judgment that Suzanna was estopped from asserting her claim against State Farm since her position in this case was inconsistent with her position in the Salzman case. In the present case, she alleged that Jason was negligent and in the Salzman case she did not. State Farm argued that it was misled in the prior lawsuit by Suzanna’s position that Jason was not at fault, and therefore Suzanna *1183 was equitably estopped from maintaining this lawsuit.
The doctrine of equitable estoppel was explained in United Contractors, Inc. v. United Construction Corp., 187 So.2d 695, 701-02 (Fla. 2d DCA 1966), as follows:
“Equitable Estoppel” precludes a person from maintaining a position inconsistent with another position which is sought to be maintained at the same time or which was asserted at a previous time; and, as a general rule where a person has, with knowledge of the facts, acted or conducted himself in a particular manner, or asserted a particular claim or right, he cannot afterward assume a position inconsistent with such act or conduct to the prejudice of another who has acted in reliance on such conduct. The doctrine requires of a party consistency of conduct, when inconsistency would work substantial injury to the other party.
See also Crown Life Ins. Co. v. McBride, 517 So.2d 660, 662 (Fla.1987); Mackay v. Fla. Power & Light Co., 524 So.2d 1068, 1069-70 (Fla. 4th DCA 1988).
In the Salzman lawsuit, Suzanna’s complaint alleged only Salzman’s negligence. Suzanna was asked the following interrogatory: “Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.” She answered: “The Defendant [Salzman] pulled out in front of us failing to yield the right of way.”
In addition, Suzanna’s counsel sent a demand letter to Salzman’s insurer. The letter stated that all independent witnesses had testified that Jason was driving normally, at the proper speed, and could not have avoided the accident. The demand letter further stated that Salzman, suddenly and without warning, pulled into Jason’s path and that Jason could not have avoided the collision.
Clearly, Suzanna took inconsistent positions as to Jason’s fault in the Salzman lawsuit and the present lawsuit.
Suzanna relies on Yablon v. North River Ins. Co., 654 So.2d 1033 (Fla. 4th DCA 1995), which is factually distinguishable from the present case. In Yablon, the uninsured motorist carrier, North River, was notified of the settlement but refused to approve it. Also, unlike in Yablon, there was prejudice to Suzanna’s carrier. The insureds in Yablon did not change their theory of negligence in order to recover from their uninsured motorist carrier.
State Farm, throughout the Salzman lawsuit, was led to believe that Salzman was the only negligent party and that State Farm’s liability would be based upon Salzman’s negligence. State Farm understandably did not undertake any contemporaneous investigation or participate in the liability determinations based upon Su-zanna’s original position that Jason was not negligent. After Suzanna’s settlement with Salzman, State Farm has no subrogation rights against Salzman and was left to pursue subrogation rights only against Jason.
The trial court correctly granted summary judgment in favor of State Farm on the basis of equitable estoppel.
Affirmed.
FARMER and TAYLOR, JJ., concur.

. After Suzanna settled with Allstate, she separated from Jason and the couple subsequently divorced.

. Suzanna’s claim that Jason was a concurring cause of her injuries would have allowed State Farm to subrogate against Jason personally.