CASE 21—PETITION EQUITY—APRIL 26.

# Flood vs. Flood.

**APPEAL FROM BULLITT CIRCUIT COURT.**

1. Subsequent adultery of the wife does not authorize her divorced husband to recover property which he conveyed to a trustee for her use and benefit, as a compromise in a suit by her for divorce and alimony, which was confirmed by the judgment of the court, and a judgment rendered for a perpetual divorce from bed and board.

2. In this case, after divorce from bed and board, the wife married another man. The husband then sued for and obtained a divorce, *a vinculo matrimonii*, and judgment for all property which she had received from him by reason of the marriage, or in consideration thereof. Notwithstanding the subsequent marriage of the wife was unlawful and adulterous, the petition of the divorced husband to recover the property conveyed to her trustee as above, was properly dismissed by the circuit court—*that property was not received by her by reason of, or in consideration of, the marriage.*

GRIGSBY & HARDIN,                                    For Appellant,

CITED—

*Clancy on Husband and Wife*, pp. 32, 401.

*Act of December 20*, 1800, 1 *M. & B.*, 121.

*Acts of* 1812 *and* 1819.

2 *B. Mon.*, 370; *McCrocklin vs. McCrocklin.*

4 *Dana*, 140; *Simpson vs. Simpson.*

*Revised Statutes, secs.* 6, 8, *chap.* 47.

6 *Am. Law Reg.* (*Nov.*, 1866), *page* 628; *Bowman vs. Worthington.*

10 *Gray*, 222; *Albu vs. Wayman.*

4 *Swaby's & Tristam's R.*, 411; *Fisher vs. Fisher.*

4 *Swaby's & Tristam's R.*, 180; *Sidney vs. Sidney.*

THOMAS W. RILEY and
STIRMAN & BEATTIE,                                        For Appellee,

CITED—

*Rev. Stat., Act of* 1854, 2 *Stant.*, 29, *art.* 3, *chap.* 47;
   *Ib.*, 21.

3 *P. Williams*, 269; *Sidney vs. Sidney.*

3 *P. Williams*, 276; *Winter vs. Blount.*

4 *Ves.*, 146; *Carr vs. Eastbrook.*

1 *Bosq. & Pul. New Rep.*, 121; *Field vs. Serres.*

4 *Dow. & Ryl.*, 11; *Lee vs. Thurlow.*

2 *Barn. & Cress.*, 547.

13 *Ves.*, 438; *Seagreaves vs. Seagreaves.*

2 *Bishop on Marriage and Divorce*, 4th ed., secs. 705,
   717, 719.

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

This case presents an anomalous history of domestic
discord between husband and wife, first resulting in a
divorce from bed and board, and then from the bonds of
matrimony. After having two children by her husband,
the appellee brought suit against him in the Bullitt cir-
cuit court for alimony and divorce, charging inhuman
treatment, such as to show a settled aversion to her, de-
structive permanently of her happiness; to which he
responded, not only denying the charges, but retorting
upon her improper and lascivious conduct. This suit
was amicably arranged, and the parties returned to con-
jugal relations. But not long afterwards, she again
brought another suit in the same court, charging, in
addition to her former allegations, that he had promised
to make a comfortable and independent settlement on
her, and treat her kindly, as the consideration of the
compromise, and that he had not only failed and refused
to do so, but had returned to the same course of treat-

ment of her, oil worse; to which he responded, denying, and again retorting charges of improper and lascivious conduct with other men.

Much evidence was taken on these issues, and perhaps it may truthfully be said that each proved reprehensible conduct on the other, when another compromise was effected, by which he set apart, by deed of trust, a large portion of a very considerable estate for her use during life, and then to their two children, selecting two lawyers of character of their county as trustees; and a perpetual divorce from bed and board was also agreed on; all of which was confirmed by the court, and the trustees entered upon the discharge of their trusts. Subsequently, appellee claiming, though rather strangely, to be a single woman, with a right to contract matrimony, openly married one Armitage, in Portland, a license therefor having issued from the Jefferson county clerk, and the rights of matrimony being solemnized by a minister of the gospel. Soon after which, the first husband brought suit in the Louisville chancery court for a divorce, a *vinculo matrimonii*, and for the custody of the children, alleging that she was living in open adultery with Armitage; to which she responded, denying the adultery, but claiming Armitage as her lawfully wedded husband.

The court granted Flood the divorce sought by him, also the custody of the children.

Subsequently to this, he brought this suit, now before us, by petition and amendments, in the Bullitt circuit court, against his former wife, the children and trustees, seeking to set aside the first decree and the deed of trust, and to have his property restored to him, not, however, to disturb the rights of his children, in which all these things appear. To which the court sustained a demurrer on her behalf, from which this appeal is prosecuted.

Flood vs. Flood.

There can be no doubt but that her marriage with Armitage was illegal and adulterous, however pure may have been her intentions; but does that authorize the court to take from her the property rights vested in her by the compromise judgment of the Bullitt circuit court? The recognized English rule forbids this, beginning with the case of *Sidney vs. Sidney*, 3 *P. Williams*, 269, running through *Field vs. Serves*, 1 *Bos. & Pul. New R.*, 121; *Lee vs. Thurlow*, 4 *Dow. & Ryl.*, 11; 2 *Barn. & Cres.*, 547; *Seagreaves vs. Seagreaves*, 11 *Ves.*, 438, and which is recognized as the American rule, only so far as changed by statute. (2 *Bishop on Marriage and Divorce, sec.* 705.)

Our statute requires that all the property remaining in kind which one party may have obtained from, or through the other, during the marriage, in *consideration of, or by reason thereof*, shall be restored on granting a divorce. (2 *Stant. Rev. Stat.*, 21.) But here she did not get the property in consideration of, or by reason of, her intermarriage with him, but because they could not live in the proper conjugal relations, and were severing the same.

No doubt the Louisville chancery court properly adjudged a dissolution of the marital relations, and restored to him the custody of his children, and adjudged to him all property which she had received from him by reason of the marriage, or in consideration thereof; but it did not, nor could, adjudge to him the rights of property which had been conveyed and secured to her use for life, as a support in place of alimony.

We think the demurrer was properly sustained; wherefore, the judgment is affirmed.