Johnson v. Johnson.

---

CASE 63—PETITION EQUITY—JANUARY 17.

# Johnson v. Johnson.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

DIVORCE—EFFECT OF ORDER RESTORING PROPERTY.—Where a judgment of divorce provides in general terms for the restitution of any property which either party may have obtained from or through the other during marriage in consideration or by reason thereof, such a formal order of restitution does not settle any controversy concerning the title of property, and certainly does not have the effect to set aside a former final judgment of the court between the divorced parties.

Such an order of restitution in a judgment of absolute divorce obtained by the husband did not affect the wife's title to property which, in a former action by her for divorce from bed and board, had been adjudged to her in lieu of alimony.

O'NEAL, PHELPS, PRYOR & SELIGMAN FOR APPELLANT.

A judgment granting a life estate in real property in lieu of alimony is not affected by a subsequent judgment, even properly obtained, ordering *generally* and not *specifically* a return of all property obtained the one from the other through or by reason of the marriage. (Flood v. Flood, 5 Bush, 167.)

H. S. BARKER FOR APPELLEE IN PETITION FOR REHEARING.

(No brief in record.)

The cases of Flood v. Flood, 5 Bush, 167, Phillips v. Phillips, 9 Bush,

183, and Bennett v. Bennett, 95 Ky., 545, were all based upon the construction of section 562 of the old Code of Practice. This case is based upon section 425 of the present Code, which is different. The property in question here is embraced within the meaning of section 425.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

In a former action between the appellant and the appellee there was a judgment rendered in October, 1885, granting the appellant a divorce *a mensa et thora* from the appellee, and in lieu of alimony awarding her certain personal property and household goods then in her possession, and also settling on her for life a house and lot, situated on Lexington street, in Louisville, Ky., theretofore belonging to her husband. On appeal to this court that judgment was affirmed.

Thereafter, in 1887, the husband brought a suit for absolute divorce, and obtained the relief sought in 1891. This latter judgment provided in general terms for a restitution of any property not disposed of at the commencement of the action, which either party may have obtained directly or indirectly from or through the other during marriage in consideration or by reason thereof. Thereupon the appellee instituted this action against the appellant seeking to recover the personal property which had been given her under the former judgment, and to have restored to him the possession of the house and lot formerly adjudged to the wife for life. Judgment to that effect was rendered by the chancellor, and the wife has appealed.

We are of opinion that the property theretofore adjudged to the wife in the judgment of 1885, is unaffected by the general and formal order of restitution in the judgment of 1891. The law (section 245, Civil Code)

provides that every judgment for a divorce from the bond of matrimony shall contain such an order of restitution, but the order is merely a formal one, and is not intended to settle any controversy concerning the title of property—certainly not to set aside a former final judgment of the court between the divorced parties. That judgment finally disposed of the property in controversy before the commencement of the action for divorce brought by the husband in 1891. The wife did not obtain the property in consideration or by reason of the marriage.

In Flood v. Flood, 5 Bush, 167, the husband conveyed to certain trustees for the use of his wife a tract of land in lieu of alimony pending divorce proceedings, in which the wife was granted—as in this case—a separation from bed and board. The husband subsequently obtained, in an action therefor, an absolute divorce on the ground of the wife's adultery. The usual order of restitution was embodied in the judgment. His petition thereafter filed to have the trust deed set aside was held to have been properly dismissed, the property not·having been received in consideration of or by reason of marriage. So, in Williams v. Gooch, 3 Met., 486, it was held that this order of restoration was a formal one, and not designed to settle any controversy with reference to any specific property between the divorced parties. To the same effect is the case of Bennett v. Bennett, 95 Ky., 545.

The judgment restoring the property to the appellee is reversed, with directions to dismiss the petition.