## Hoffman v. Hoffman's Exr., et al.

(Decided April 29, 1913.)

Appeal from Kenton Circuit Court
(Common Law and Equity Division).

Divorce—Alimony—Effect of Order Restoring Property.—In a suit for alimony where the husband, in settlement of the alimony, conveyed property to his wife, he cannot, in a suit afterwards brought by him for divorce, and in which there was a judgment restoring to each of the parties property received during marriage, as pro-

vided in section 425 of the Code, have restored to him the property conveyed to his wife in settlement of alimony.

MYERS & HOWARD for appellant.

WM. A. BYRNES for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Previous to 1889 John Hoffman purchased and had conveyed to his wife, Kate Hoffman, a dwelling house. In 1889 his wife brought suit against him for alimony and to require him to support their infant child. In 1890 judgment was entered granting Mrs. Hoffman the relief sought. The judgment also recited that "the husband purchased a dwelling house of the value of $2,500 and furnished same. The title was put in the wife, and there remains. She occupies said house to the exclusion of her husband. There is a mortgage upon the house to a building association upon which there is now unpaid nearly six hundred dollars, payable in weekly installments and in arrears. The husband earns a salary of $90 per month and has no unincumbered estate. There is an infant female child of the parties in custody of the mother.

The only question to be determined is, as to what is a reasonable sum to be paid by the husband to the wife. * * * It is now ordered and adjudged that the defendant pay to the plaintiff the sum of $25 a month, and that he pay the costs of this action. It is expected that the defendant will pay the arrears due the building association and keep up the payments of said dues thereof. If he should fail in this, the judgment may be modified and the cause is reserved on the docket to make such further orders as justice may require."

After this, motions were made by both parties looking to a modification of the judgment, the wife insisting that the allowance be increased and the husband insisting that it be decreased; but these motions were overruled. Finally, in 1902, this order was made:

"It is quite evident that there should be fixed in this cause a lump sum to satisfy the claims of the wife upon the husband. It is to the interest of the parties and to the child of the parties that this be done. The motion of defendant to fix a lump sum is submitted.

"There may be one or more installments due plaintiff from defendant under orders heretofore made. If so, it or they should be paid and the defendant should also

convey to plaintiff any interest he may have remaining in the real estate now occupied by the wife. If these things are done, there will be an order entered fixing the lump sum at four hundred dollars and providing for the payment by defendant of ten dollars a month for the maintenance of the child."

Sometime after this the question of alimony and maintenance was again brought before the court, and after adjudging that the defendant was in arrears in the payment of alimony, the order recited: "The defendant is now ordered forthwith to pay to plaintiff the sum of twenty-five dollars, due on April 17, 1902; and, pending that payment, no motion of defendant looking to the final settlement asked by him, and which the court has indicated could be had, will be sustained."

In May, 1902, this order was made: "The defendant, John Hoffman, by his attorney, B. F. Graziani, on this date states and agrees in open court that the said John Hoffman will within the next five days execute and deliver to the plaintiff, Kate Hoffman, a deed of conveyance to all the right, title and interest of said John Hoffman in and to the real estate now occupied by the plaintiff, Kate Hoffman, being the same real estate referred to during the trial and in the record of this cause.

"It is now ordered and adjudged that the sum of four hundred dollars be and the same is now fixed as the lump sum of alimony herein, and as in full of all plaintiff's claim and demands on defendant as his wife; and it is further ordered and adjudged that the said John Hoffman pay said sum of four hundred dollars to said plaintiff on and before May 17, 1902."

The order further provided for the payment by Hoffman of ten dollars a month for the support of the child. A few days after this, Hoffman tendered the deed mentioned in the above order, and also the four hundred dollars, the deed reciting that "John Hoffman, of Covington, Kenton County, Kentucky, in consideration of one dollar and other considerations as per judgment of the Kenton Circuit Court to him paid by Kate Hoffman, of Covington, Kenton County, Kentucky, the receipt whereof is hereby acknowledged, does hereby remise, release and forever quit claim to the said Kate Hoffman, her heirs and assigns forever the following described estate."

In 1903 Hoffman brought an independent suit against his wife asking a divorce from the bonds of matrimony,

on the ground that they had lived separate and apart for five years, and in November, 1903, a judgment granting him a divorce from the bonds of matrimony was entered, the judgment further providing that "any property either may have obtained directly or indirectly from or through the other during said marriage be restored."

In 1909 Hoffman brought this suit against the child of his marriage with Kate Hoffman and her trustee, Thomas Donnelly, averring that his divorced wife, Kate Hoffman, had died leaving a will by which she devised all of her estate, including the house and lot heretofore mentioned, to her child, and averring that this property came into the possession of the wife in consideration of their marriage, and he asked that it be restored to him under the judgment in his behalf ordering a restoration of any property his wife may have received from him during marriage.

In answer to this suit the child and her trustee pleaded and relied on the judgments and orders made and entered in the suit for alimony, and set up that the dwelling house was given to and held by the wife under these judgments and orders in part settlement of her claim for alimony, and not in consideration or by reason of her marriage within the meaning of section 425 of the Civil Code, providing that "every judgment for a divorce from the bonds of matrimony shall contain an order restoring any property not disposed of at the commencement of the action, which either party may have obtained, directly or indirectly, from or through the other, during marriage, in consideration or by reason thereof; and any property so obtained, without valuable consideration, shall be deemed to have been obtained by reason of marriage."

On hearing the case on the pleadings and exhibits the lower court dismissed Hoffman's suit, and he appeals. From what we have said, it will be seen that Hoffman bases his right to recover the property upon the judgment in the divorce suit ordering a restoration of the property either of the parties received from the other during marriage, and upon the section of the code quoted; while the trustee and child assert their right to the property upon the ground that it was given to Mrs. Hoffman in part settlement of her claim for alimony.

The rights of the parties must be settled by the meaning and effect that should be given to the orders and judgments in the suit for alimony; and it seems to us

that these orders and judgments show that the property was given in part settlement of alimony, and therefore are excluded from the operation of the section of the code referred to as well as from the operation of the judgment relied on by Hoffman. It is of course plain that the section of the code in reference to the restoration of property can have no application to property that has been given by the husband to the wife in settlement of a claim asserted by her in a suit for alimony. It was expressly so held in Flood v. Flood, 5 Bush, 167; and Johnson v. Johnson, 96 Ky., 391.

Nor can we agree with counsel for appellant that the order of the court under which Hoffman executed a deed to his wife was coercive and therefore void, as in violation of section 2123 of the Kentucky Statutes, providing in part that "no order for maintenance of child or allotment in favor of the wife shall divest either party of the fee simple title to real estate." Hoffman was not required by any order or judgment of the court to execute the deed to his wife. It was purely optional with him whether he did so or not, and the orders show that he was desirous of making this deed so that the matter of alimony might be finally settled. Evidently he thought it would be to his interest to settle the question of alimony by a conveyance of the property, and he voluntarily did so.

It is further insisted by counsel for appellant that if the deed made by Hoffman in 1903 should be treated as a conveyance in settlement of alimony, and therefore exempt from the operation of the code provision providing for the restoration of property, this deed should be limited in its effect to the interest and title Hoffman owned in the property conveyed at the time the deed was made, and its execution does not estop him from having restored the interest and title he conveyed to his wife before the suit for alimony was brought by her.

But this position cannot be maintained. It is manifest from the proceedings that the whole of this property was treated by the court and by the parties as received by the wife in settlement of her claim for alimony. When these orders were made Hoffman only owned a contingent interest in the property depending upon his survival of his wife, and this interest was all he then had to convey; prior to this he had conveyed to her all of his substantial interest in the property, and it was clearly not in the minds of either of the parties or the court that

the contingent interest owned by Hoffman was all the interest that his wife should have in this property. The record fairly shows that the deed of 1903 was made to put in her the title to the whole of the property; and that the arrangement as to alimony was entirely satisfactory to Hoffman is further shown by the fact that after this he did not prosecute any appeal from the orders of the court with reference to alimony or attempt to have them modified.

The judgment is affirmed.