## Caudill v. Caudill.

(Decided November 28, 1916.)

### Appeal from Letcher Circuit Court.

1. Divorce—Review—Scope.—The Court of Appeals cannot reverse a decree of divorce, but may review the correctness of the decree for the purpose of determining whether or not alimony was properly awarded or refused, or the custody of children was properly bestowed.

2. Divorce—Alimony.—Where the husband is improperly granted a divorce and the wife has not sufficient estate of her own, the court may allow her alimony out of the husband's income or estate.

3. Divorce—Grounds for.—Under our statutes, an ungovernable temper and quarrelsome disposition on the part of the wife are not grounds for divorce by the husband.

4. Divorce—Alimony—Evidence.—In an action where the wife sued and the husband counter-claimed for divorce and the divorce was improperly granted the husband, evidence examined and held to show that the wife was not in such fault as to deny her the right to alimony.

5. Divorce—Custody of Children.—In case of divorce, the custody of children of very tender years will be awarded to the mother if she be a suitable person.

FELIX G. FIELDS and JAMES H. NEWMAN for appellant.

DISHMAN, TINSLEY & DISHMAN, DAVID HAYS and D. D. FIELDS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Basing her action on cruel and inhuman treatment, abandonment, etc., plaintiff, Mary Caudill, brought this suit against her husband, W. R. Caudill, for divorce and alimony and for the custody of her infant children. Defendant filed an answer and counter-claim, denying the allegations of the petition and asking a divorce from plaintiff on the ground that she possessed an outrageous temper and habitually quarreled and behaved towards him in such a manner as to render life with her intoler-able. On final hearing plaintiff's petition was dismissed and defendant granted a divorce on his counter-claim. The custody of the three oldest children, who were boys, was awarded to the defendant. The custody of the three youngest children, who were girls, was awarded to plaintiff, with the right and privilege on the part of each party to visit the children in the custody of the other. The defendant was also adjudged to pay plaintiff $10.00 on the first day of each month. Four months later evidence was heard and the judgment was modified by awarding the custody of the three girls to the defendant and discontinuing the allowance of $10.00 per month to plaintiff for their support. It was provided in the judgment, however, that the youngest child should be left in the custody of the plaintiff until such time as it would not need the special care of its mother, and that in the meantime the defendant should furnish the child reasonable support and clothes. The judgment contains an additional provision, advising that the defendant leave the girls at pres-

ent with their mother and that he furnish them a reasonable support, according to his means. Plaintiff appeals.

While we have no power to reverse a decree of divorce, we may review the correctness of the decree for the purpose of determining whether or not alimony was properly awarded or refused, or the custody of children was properly bestowed. Anderson v. Anderson, 152 Ky. 773, 154 S. W. 1; White v. White, 152 Ky. 769, 154 S. W. 33; Davis v. Davis, 86 Ky. 32. And in case it appears that the divorce was improperly granted to the husband and the wife has no sufficient estate of her own, the court may award her reasonable alimony out of the husband's income or estate. Coleman v. Coleman, 164 Ky. 709, 176 S. W. 186.

It appears that prior to the time this action was brought plaintiff and defendant lived on a small farm owned by defendant's father. Within a period of a few years plaintiff bore defendant five children and one child was born after this suit was brought. When the suit was brought the oldest child was twelve years of age. The ages of the others ranged between that and four years. For several years there was no friction between plaintiff and defendant. Trouble, however, occurred between his sister and her sister, and from that time on the relations between plaintiff and defendant were strained. According to the evidence for defendant, plaintiff possessed a bad temper and pursued and quarreled at him and made his life intolerable. On the other hand, it appears that some time after the trouble between the other members of the family defendant took three of the children and left them with his parents, who denied plaintiff the right to see them and frequently told her not to come on their place. It also appears that defendant himself would take his meals at his father's home, and when he would come to his own home he would take some of his children, go into a room, lock the door and deny his wife the right to come in. There is also evidence to the effect that on one or two occasions he struck his wife, though he claims that this was done to ward off an attack which she made on him. It also appears that when his wife was enceinte and, therefore, in such condition as to demand the utmost consideration at his hands, defendant repeatedly neglected her.

Under our statutes, the husband cannot obtain a divorce from his wife on the ground that she possesses an

outrageous temper or a quarrelsome disposition. Since these are the grounds relied on by the husband, it follows that the divorce was improperly granted to him. The only question remaining to be determined is whether the wife's conduct was such as to authorize a refusal of alimony. Even though we accept as true the statements of defendant's witnesses respecting the uncontrollable temper and quarrelsome disposition of plaintiff, we are not prepared to say that because of her temper and quarrelsome disposition, under the facts exhibited by this record, the wife was in such fault that the defendant should not be required to contribute something towards the support and maintenance of her and her children. On the contrary, it seems to us that a husband who carries his wife's children to the home of his parents and denies her the right to see them, who takes most of his meals with his parents and, when he returns to his own home, deliberately locks himself and children in a room and refuses to permit his wife to enter or to have any intercourse with him, and who otherwise neglects her when she is enceinte, should not be surprised to find that she can no longer control her temper, but has developed a quarrelsome disposition.

There is no evidence tending to show that the wife is not a suitable person to have the custody of her children. Viewing the case from the standpoint of the interest and welfare of the three youngest children, we conclude that because of their tender years they need the attention of their mother, and that they should be placed in her custody. Wills v. Wills, 168 Ky. 35, 181 S. W. 619. We further conclude that defendant should pay plaintiff $5.00 per month alimony and $10.00 per month additional for the support and maintenance of the three children committed to her custody.

Judgment reversed and cause remanded, with directions to enter judgment in conformity with this opinion.