## Gibson v. Gibson.

(Decided May 18, 1923.)

### Appeal from Campbell Circuit Court.

1. Divorce—Wife Not at Fault is Entitled to Costs, Including Attorney's Fee Notwithstanding Possession of Estate by Her.—Under Ky. Stats., section 900, providing that the husband shall pay the costs of each party, unless it appears that the wife is at fault and has ample estate to pay the costs, a wife who is not at fault is entitled to recover from her husband her costs, including a reasonable attorney's fee, even though she has an ample estate with which to pay them.

2. Divorce—Wife Not at Fault is Entitled to Alimony as Matter of Right if She Has no Estate.—In divorce proceedings a wife who is not at fault is entitled to alimony as a matter of right where she has no estate and is granted a divorce, or where her estate is not ample for her support, but she will not be granted alimony where she has an ample estate and the husband has none.

3. Divorce—Wife Held Entitled to $500.00 Alimony.—Where a wife was awarded a judgment for divorce and her husband was given property worth $3,000.00, equal in value to that he owned at the time of the marriage, though the evidence showed that the wife had contributed to some extent to the support of herself and defendant during their married life, and both parties had only small earning capacity, the wife held entitled to $500.00 as alimony.

HORACE W. ROOT and B. F. GRAZIANI for appellant.

WEBSTER HELM and JOHN T. HODGE for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

Marie Louise Gibson procured a divorce from Arthur F. Gibson in the Campbell circuit court on the ground of cruel and inhuman treatment. In the judgment of divorce defendant was awarded a house at 627 Fifth

avenue in Dayton, Kentucky, and adjudged a lien of $1,500.00 on another house at Fort Thomas. The plaintiff has appealed, insisting that the award is unjust, and that she should have been given a judgment for alimony with a reasonable attorney's fee for the prosecution of this action.

The plaintiff was forty-four years of age when she married about fifteen years ago. She owned property valued at about $6,000.00, part of which she had inherited and the rest of which she had accumulated from her earnings as a teacher. She met defendant at a boarding house where he was recuperating from a protracted spree after his release from a sanitorium. Within a short time they were married. They have no children. Defendant's earning capacity is not large, and the evidence shows that his dissipations have seriously impaired his health. He had no property at the time of his marriage except an annuity of $25.00 a month which he was receiving from an estate in Great Britain. Shortly after his marriage this annuity was sold for $3,000.000, and $1,500.00 of that amount was invested in the house at Dayton. The balance, after the payment of some small debts, was utilized in purchasing the residence at Fort Thomas, which is now worth $7,500.00 or $8,000.00. After the marriage he worked periodically and applied his earnings to the support of himself and his wife. They received a small income from rents, and there is evidence to the effect that for a while she earned something as a substitute teacher.

The chancellor's decision as to the property awarded defendant seems to be based on section 425 of the Civil Code. The evidence tends to show an investment of the proceeds from the sale of defendant's annuity in that property to the extent of the restoration. The correctness of the judgment in this respect is therefore not questionable, unless it be on the ground that the property should have been subjected to plaintiff's claim for alimony and to the payment of her attorney's fee in this proceeding.

By section 900 of Kentucky Statutes it is provided that in actions for alimony and divorce the husband shall pay the costs of each party, unless it shall be made to appear that the wife is at fault and has ample estate to pay the same. It will be noted that, even if she has ample estate, unless she is at fault the costs must be adjudged

against the husband. The plaintiff has an estate larger than defendant, but defendant was at fault and hence is liable for the costs. The costs, as was held in Honaker v. Honaker, 182 Ky. 38, include a reasonable attorney's fee. In this case it is our judgment that a reasonable fee is $100.00.

In respect to alimony in divorce proceedings it has been held that, where the wife has no estate and is granted a divorce without fault on her part, alimony will follow as a matter of right. Day v. Day, 168 Ky. 68, and authorities there cited. But it has never been decided in this jurisdiction that, where a wife has ample estate and the husband has none, she will be granted alimony as an incident to the divorce which she has obtained without fault on her part. If, however, the wife has not an ample estate and is granted a divorce without fault on her part, it is the duty of the court to award her such alimony as is consistent with a due regard for the rights and obligations of the parties. The evidence shows that plaintiff is in delicate health and will be able in the future to earn little if any money. It also shows that she contributed to some extent to the support of herself and defendant during their married life. The defendant also has a small earning capacity. He was given by the judgment $3,000.00, which is what he had when he was married. Under these facts we think it fair that the plaintiff should be allowed alimony in the sum of $500.00.

The judgment is reversed and the cause remanded, with direction to the court below to allow plaintiff an attorney's fee of $100.00 and the sum of $500.00 in alimony, and to credit the lien judgment of $1,500.00 on the Fort Thomas property by these allowances.