## Simmons v. Simmons.

(Decided November 7, 1924.)

Appeal from Jefferson Circuit Court
( Chancery Branch, First Division).

1. Divorce—Where Evidence Conflicting and Mind is Left in Doubt, Chancellor's Finding Entitled to Weight on Appeal.—Where evidence as to cruel treatment in divorce case is conflicting, and

mind is left in doubt. as to right of matter, chancellor's finding is entitled to weight, and his judgment must be affirmed, where finding does not appear to be against weight of evidence.

2.  Divorce—Finding Against Claim of Cruelty of Husband Held Not Against Weight of Evidence.—Finding of chancellor that husband was not guilty of cruelty held not against weight of evidence.

CHAS. P. JOHNSON for appellant.

WOODWARD & WARFIELD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Divorce was sought by appellant, Nellie M. Simmons, from her husband, appellee, Esba L. Simmons, by this action instituted in the Jefferson circuit court upon the ground of habitual cruelty, indicating a settled aversion to her, and upon the further ground that she was afraid of him and that great bodily harm was likely to result to her by remaining with him.

The answer denied the averments of cruelty and inhuman treatment and pleaded he was a gentle, kind and loving husband.

They owned jointly a house and lot in Louisville worth about $3,000.00, and a small amount of household and kitchen furniture.  She asked for maintenance pending the litigation and an allowance to her attorneys, a settlement of their property rights and the restoration of her maiden name, Harris.

The chancellor entered an order dismissing the petition and assessing the cost against the husband, in which is included a fee of $75.00 to counsel for the wife.

The husband at the time of the taking of evidence was about forty-three (43) years of age.  The wife was eleven years his junior.  They had been married nine years but had no children.  They lived very happily until about two years before the institution of this action, when Mrs. Simmons began to take a great interest in dancing and to go out with persons to whom her husband objected. He was of a religious turn of mind and much opposed to dancing.  Although a trainman by occupation and often away from home for more than a day in pursuit of his employment, he spent most all of his evenings in Louisville at a thelogical seminary studying theology and religious subjects.

The wife and one or two witnesses testified that the husband had spoken ill to her on different occasions and

threatened her life if she left him or did not obey his orders. The wife stated that on one occasion he pointed a pistol at her and threatened to kill her but did not attempt to do so. She further stated that his cruel treatment drove her from home on more than one occasion. Most of the other witnesses gave evidence concerning little disagreements which would have slight influence upon a matter so serious as the breaking up of a home.

The husband in his evidence denied he had abused or ill-treated his wife, and denied that he had pointed a pistol at her or threatened to shoot her or do her violence. He stated that he was in love with her and wanted her to remain with him and had often besought her to return to him after she left, and was now willing to take her back and provide a good home for her. He said he did not curse and had never used any abusive language to her. The neighbors who were called as witnesses testified he appeared to be in love with her and treated her kindly and with consideration so far as they knew.

The evidence is conflicting and the mind is left in doubt as to the right of the matter. The chancellor's finding is entitled to weight in such a situation. We, therefore, must invoke the rule often applied in equity cases of affirming the judgment of the chancellor where his finding does not appear to be against the weight of the evidence. Charles v. Charles, 199 Ky. 208.

Judgment affirmed.