### Blackburn v. Blackburn.

(Decided April 21, 1925.)

Appeal from Grant Circuit Court.

1. Divorce—Judgment Granting Divorce Cannot be Reversed on Appeal.—Judgment granting divorce is final and cannot be reversed on appeal.

2.  Divorce—Trial Court's Finding Not Disturbed Unless Against Weight of Evidence.—Appellate court will give weight to finding of trial court in divorce cases and not disturb it unless against weight of evidence.

3.  Husband and Wife—Husband's Agreement to Pay Wife Certain Money if She ever Left Home is Unenforceable.—Agreement between husband and wife, while living together, that he would pay her certain money, and if she ever left his home he would pay her an additional sum, was unenforceable.

4.  Divorce—Allowance of $15,000.00 for Alimony Held Not Excessive. —Allowance of $15,000.00 for alimony held not excessive, where net value of husband's estate was between $36,000.00 and $50,-000.00, and he was drawing a good salary and wife was required to take care of invalid child.

OVERTON S. HOGAN and S. D. ROUSE for appellant.

JOHN B. O'NEAL for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Apellant and appellee were married February 22, 1893. On November 20, 1920, she brought this suit against him. for divorce and alimony, charging cruel and inhuman treatment. He filed an answer denying the allegations of the petition and praying a divorce on the ground that they had lived separate and apart without cohabitation for more than five years before the action was brought. Voluminous proof was taken and on final hearing the circuit court adjudged the wife a divorce and granted her alimony in the sum of $15,000.00. It dismissed the husband's counterclaim and the husband appeals.

The judgment granting the divorce is final and cannot be reversed on appeal. As the divorce is absolute and gives the husband every right that he would have if it had been granted on his counterclaim, the only material question on the appeal is the amount of alimony allowed, and the evidence in the case may only be considered on this question.

It would serve no good end to spread upon the record the facts of this unfortunate controversy between husband and wife. The circuit court is on the ground; he knows the local conditions and is better qualified to pass on such questions than this court from a mere inspection of the record. It is the rule of the court, therefore, to give weight to the finding of the circuit court in such

cases and not to disturb it unless against the weight of the evidence.

Appellant relies on a written contract made between them about twelve years before the suit was brought by which it was agreed between them that he would pay her certain money and if she ever left his home he would pay her in addition $5,000.00. The writing is lost. The parties differ as to its terms and its date. But checks given by him indicate that this agreement was made before the final separation. Such an agreement between husband and wife while they are living together is not enforceable. Gaines v. Poor, 3 Met. 507.

There is sufficient evidence in the record to warrant the divorce, and the only material question is, the amount to be allowed. According to the proof for the husband the net value of his estate is about $36,000.00. According to the proof for the wife its net value is over $50,000.00. In addition to this the husband is an officer in the bank, drawing a salary. He is also a good business man who has made money. They have three children; two of them are of age; one is an infant and was about twelve years old when the suit was brought. She suffered from infantile paralysis and is practically an invalid yet. The mother must necessarily give her personal attention in taking care of her.

On the whole the court is unable to say that the allowance fixed by the circuit judge is larger than it should be. Interest will be allowed on the judgment from the time of its rendition, and this suit will be credited by the payments made of temporary alimony since the judgment was rendered.

Judgment affirmed.