## Booth v. Booth.

(Decided April 28, 1925.)

### Appeal from Caldwell Circuit Court.

1. **Divorce—Husband Averring Abandonment as Ground for Divorce has Burden of Proving it.**—Husband, who averred abandonment for one year as grounds for divorce, had burden of proving it.
2. **Divorce—Finding of Chancellor on Conflicting Evidence will Not be Disturbed.**—Finding of chancellor in action for divorce on conflicting evidence will not be disturbed.

R. W. LISANBY for appellant.

J. ELLIOTT BAKER for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The parties to this appeal are husband and wife. In August, 1923, appellant, S. C. Booth, filed suit against his wife, Mattie L. Booth, appellee herein, for absolute divorce on the grounds of twelve (12) months' abandonment, averring that on or about the 1st day of June, 1922, she abandoned him and drove him from her home and has not since lived or cohabited with him. They were married on Thanksgiving day in 1920. He was about seventy years of age and she about fifty years of age. They had both been married before. He had very little property, and it of little value. She owned a good farm and had other property. After their marriage he went to live at her house. He says that a short time before their separ-

ation in June, 1923, she assaulted and beat him with a bucket and with ears of corn, causing his head and face to bleed, and inflicted upon him ugly and painful wounds; that she then ordered him to leave the place and never return; that he was afraid to remain, and obeying her orders he left and she had never allowed him to return.

The wife filed an answer and counterclaim in which she traversed the material averments of the petition and affirmatively pleaded cruel and inhuman treatment, concluding with a prayer for divorce from appellant. After taking proof she withdrew her counterclaim and also her depositions and the case was submitted. The court dismissed the husband's petition, and he prosecutes this appeal.

As he averred abandonment for one year as grounds for divorce it was incumbent upon him to prove it. The evidence given by his witnesses tended to prove that he was required to leave the home of his wife in June, 1923, and had never been allowed to return up to the time of the bringing of the action in August, 1924, something more than one year. On the contrary, the evidence for the wife established that she and her husband were reconciled in September after their separation in June, and that he returned to her home and lived with her, or at least in the house where she dwelled, from September until December, when they again separated, and he left. From the date of their last separation until the bringing of the action was much less than one year. The chancellor undoubtedly concluded from the evidence that appellant had not established his cause of action. The court must have accepted as true the evidence offered by the wife upon the question of when the separation occurred. If it were true, as testified to by some of the witnesses, that appellant and appellee lived together until December, 1923, then the abandonment had not continued for as much as one year and the appellant was not entitled to divorce on the grounds of abandonment. The chancellor was better able to judge the credibility of the witnesses than are we. He accepted the testimony showing the parties had not been living apart for as much as one year, and having done so, dismissed the petition.

We find no reason for disturbing this judgment; it is, therefore, affirmed.