## Lowry v. Lowry.

(Decided May 26, 1925.)

### Appeal from Caldwell Circuit Court.

1. Divorce—Wife Granted Divorce is Entitled to Alimony, if Necessary for her Maintenance and Husband is Able to Contribute.— A wife who is granted a divorce is entitled to alimony, if it is necessary for her maintenance and husband is in position to contribute.

2. Divorce—Failure to Award Alimony on Granting of Divorce Held Error.—Failure to award alimony on granting of divorce to wife in very moderate circumstances held error, notwithstanding small earnings of husband.

R. W. LISANBY for appellant.

J. ELLIOTT BAKER for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Originally this was an action for divorce and alimony. The wife instituted the suit and was decreed a divorce and the custody of their infant child. The grounds alleged in the petition were cruel and inhuman treatment. She proved by more than one witness that on at least two separate occasions her husband had cruelly struck and beat her. The answer traversed the averments of the petition as to cruelty. The second paragraph was a counterclaim for divorce on the ground of lewd and lascivious conduct on the part of the wife. The only evidence offered to support the averments of the counterclaim was that on the night on which the parties separated the husband came home and found a man in his wife's bedroom with no light. The third party had

entered through the window. On this occasion the husband struck the wife but did nothing to the intruder. The wife explained this occurrence by saying that the man had just entered and she was asleep; that when she discovered him in the room she told him to light a lamp but he had not done so when the husband arrived; that he had only been there a few minutes.

On the hearing of the case the court granted the wife divorce, although it refused to grant her alimony, and it is of this that complaint is made upon this appeal. It is a rule well established that in cases where the wife is granted divorce and seeks alimony she is entitled to such relief provided it is necessary for her reasonable maintenance, and the husband is in position to contribute to her support. Griffin v. Griffin, 173 Ky., 636; Gibson v. Gibson, 199 Ky., 257.

The husband was required to pay ten dollars ($10.00) per month for the support of the infant son and of this no complaint is made. We think that inasmuch as the chancellor was convinced that the wife had sustained her cause for divorce he should have awarded her alimony, it being further shown that she was in very moderate circumstances and residing with her grandmother. The husband is a barber with a job in Fredonia, a small town. His income is not great and he cannot pay but a small sum. On a return of the case to the lower court the chancellor will enter judgment allowing the wife ten dollars ($10.00) per month alimony payable monthly until further orders of the court. To this extent the judgment is reversed. In all other respects the judgment is affirmed.