## Ramey v. Ramey.

(Decided May 8, 1928.)

Appeal from Jackson Circuit Court.

1. Divorce.—A judgment granting a divorce cannot be reversed on appeal.

2. Divorce.—The Court of Appeals may, on appeal from judgment granting a divorce with alimony, review record to determine propriety of allowance of alimony.

3. Divorce.—Finding of chancellor in divorce action could not be disturbed on appeal, where not against the weight of evidence.

4. Divorce.—Alimony is granted as matter of right to wife who is without estate and free from fault, when the divorce is obtained by her and the husband is able to contribute from his estate or earnings.

5. Divorce.—In Court of Appeal's passing on lower court's allowance of alimony in divorce action, deference is due decree of chancellor who is presumed to know needs of wife and ability and resourcefulness of husband.

6. Divorce.—The amount of alimony to. be granted a wife on her securing divorce is not to be determined alone by the property possessed by the husband, but many other factors enter into the determination, such as the husband's age, health, earning capacity, prospects, and standing.

7. Divorce.—Lower court's fixing alimony for wife as $500, payable in a lump sum, held, in action for divorce pursuant to Ky. Stats., sec. 2117, not error, in view of fact that wife was frail and sickly, that she was attending school, and had not been reimbursed for a considerable part of her expenses during confinement and burial of deceased child, and in view of husband's apparent ability to earn money.

C. C. WILLIAMS and A. W. BAKER for appellant.

L. C. LITTLE for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This record presents the brief history of an unhappy venture in matrimony.

Grover Ramey, a young farmer of Rockcastle county, and Minta Abrams, a resident of the adjoining county of Jackson, and somewhat younger, were married in January, 1925. The young couple began housekeeping on a Rockcastle county farm, where they lived together a little less than four months, when they separated, and the wife returned to the home of her parents.

Slightly more than a year after the marriage, the wife instituted this action in the Jackson circuit court to obtain a divorce, alimony, and an attorney fee. The ground of divorce upon which plaintiff relied was cruel and inhuman treatment for more than six months, indicating on the part of defendant a settled aversion to her, and permanently destroying her peace and happiness. Kentucky Statutes, sec. 2117.

The husband denied the averments of the wife's petition, and in a second paragraph of his answer alleged that the plaintiff left him without cause, making him

"most miserable," and indicated a desire that she might return to him and resume the marital relations. Testimony was taken by both parties, and on final submission the circuit court rendered a judgment awarding the wife a divorce, alimony in a lump sum of $500, and costs, including an attorney fee of $50. The decree also sustained an attachment that had been issued at the inception of the action, and directed a sale of the attached property and application of the proceeds to the payment of the judgment. The husband has prosecuted the present appeal, insisting that the wife was not entitled to any relief, and that, even if so entitled, the amount awarded was excessive.

The decree of divorce is irreversible (Blackburn v Blackburn, 208 Ky. 690, 271 S. W. 1037; McKinney v. McKinney, 185 Ky. 315, 215 S. W. 34; 10 Ky. Dig, "Divorce," key 177), but we may review the record to determine the propriety of the allowance of alimony (Caudill v. Caudill, 172 Ky. 460, 189 S. W. 431). The case involves merely an appreciation of the evidence, and a recitation of the facts proven would contribute nothing to juridical science or serve any useful purpose. It is sufficient to say that we have examined the record with care, and find that the chancellor was fully warranted in granting the wife a divorce and alimony. The appellant did not treat his wife, while she was in a delicate condition, with the tenderness or consideration due her as his free and equal companion. His offers of reconciliation bear more of the earmarks of diplomatic strategy than an humble and contrite heart sincerely seeking to repair the rupture of the marital relations, which had resulted from his tyranny and threats. Boreing v. Boreing, 114 Ky. 522, 71 S. W. 431, 24 Ky. Law Rep. 1288. Even if we were in doubt as to the propriety of the decree, the finding of the chancellor could not be disturbed where it was not against the weight of the evidence. Simmons v. Simmons, 205 Ky. 400, 265 S. W. 937; Booth v. Booth, 208 Ky. 585, 271 S. W. 664.

But appellant insists, in any event, that the allowance of alimony was excessive because it exceeded the value of his entire estate. Authorities are cited to support the argument. Fletcher v. Fletcher, 54 S. W. 953, 21 Ky. Law Rep. 1302; Newton v. Newton, 88 S. W. 1050, 28 Ky. Law Rep. 16; Day v. Day, 168 Ky. 68, 181 S. W. 937; Irwin v. Irwin, 55 S. W. 199, 21 Ky. Law Rep. 1366. The variations in the facts differentiate the cases.

Alimony is granted as a matter of right to a wife who is without estate and free from fault when a divorce is obtained by her, and the husband is able to contribute from his estate or earnings. Jones v. Jones, 205 Ky. 538, 266 S. W. 48; Lowry v. Lowry, 209 Ky. 257, 272, S. W. 736; Hammons v. Hammons, 209 Ky. 585, 273 S. W. 439.

The amount of alimony to be allowed in each case is not easily determined, and deference is due the decree of the chancellor, who is presumed to know the needs of the wife and the ability and resourcefulness of the husband. It is not to be determined alone by the property possessed by the husband, but many other factors enter into the solution of the problem. The husband's age, health, earning capacity, prospects, and standing must all be considered. Lewis v. Lewis, 204 Ky. 5, 263 S. W. 366; Muir v. Muir, 133 Ky. 125, 92 S. W. 314, 28 Ky. Law Rep. 1355, 4 L. R. A. (N. S.) 909; Kelly v. Kelly, 183 Ky. 180, 209 S. W. 335; Sparks v. Sparks, 215 Ky. 508, 284 S. W. 1111.

In this case the record is not entirely satisfactory on the subject of the estate or earnings of the appellant. He has some real estate, a team, farm equipment, and stock, money in bank, and some property which was held under the order of attachment. But the evidence is vague on the matter of value. The wife was frail and sickly and unable to exert much physical effort. She is attending school to qualify herself to teach, and the husband had not reimbursed her for a considerable expense incurred during confinement and for the burial of their deceased child, which was born after the separation. In view of the situation of the parties and the apparent ability of the husband to earn money, we cannot say that the lower court erred in fixing the alimony in a lump sum at $500. It might have been better to have made the allowance in monthly payments, rather than in a lump sum, but the husband is not complaining on that score, and probably could not do so.

Our consideration of the case has convinced us of the essential justice of the entire decree of the lower court.

The judgment is affirmed.