## Payne v. Tivis et al.

May 3, 1946.

C. E. Rankin for appellant.

Chas. S. Matherly and Errol W. Draffen, for guardian ad litem, appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

The appellant, W. H. Payne, commenced this action in the Mercer Circuit Court. He named as defendants therein Oscar Tivis and wife, Sallie E. Tivis, and their daughter, Marie Tivis.

The records disclose that on February 2, 1921, in order to secure the payment of a prior indebtedness in the sum of $4,872.50, and a further indebtedness amounting in all to $6200, the defendants, Oscar Tivis and wife, executed to the State Bank and Trust Company of Harrodsburg, Kentucky, hereafter referred to as the Bank, a mortgage on the real estate involved in this litigation. This indebtedness having been reduced to $4392.65, on February 12, 1923, Tivis executed to the Bank his notes aggregating that amount, and to secure the indebtedness, he and his wife executed and delivered a mortgage on the same land as described in the original mortgage. A marginal entry was made on the mortgage book releasing the original mortgage.

It might be stated here that on March 27, 1921, which was after the execution of the mortgage first mentioned above, Oscar Tivis conveyed a one-half undivided interest in and to all his real estate to his wife, Sallie Tivis, for and during her natural life, or until she should remarry, and after her death or remarriage, to his daughter, Marie Tivis, her heirs and assigns. This deed, however, was not recorded when the Bank made the marginal release on the original mortgage, and in fact was not put to record until June 1928.

It appears that these mortgages were first and superior liens on the property involved in this action, but secondary liens upon other property owned by the defendants the Kentucky Joint Stock Land Bank Company holding the prior lien on all but the property involved herein.

The mortgagor having defaulted in payment, the State Bank and Trust Company instituted foreclosure proceedings and obtained judgment. Thereafter the Kentucky Joint Stock Land Bank Company brought foreclosure suit on its mortgage, in which action the State Bank and Trust Company filed intervening petition to be made a party. The actions were consolidated and carried through to judgment. The land on which the State Bank and Trust Company had first lien was ordered sold, the Bank becoming the purchaser thereof.

On June 23, 1928, which was after the sale of the land and the report of sale by the Master Commissioner, the deed mentioned above, executed by O. B. Tivis to his wife and daughter, was lodged for record in the office of

the Mercer County Clerk. Whereupon, the purchaser bank filed its motion for writ of possession in its favor against Marie Tivis, the judgment having already provided one against O. B. Tivis and his wife, Salle E. Tivis. Marie Tivis being of unsound mind, a guardian ad litem was appointed to defend for her. The motion was heard and an order granting a writ of possession was entered on October 22, 1929. The order in part states as follows:

"* * * the Court being advised from the record of this case consolidated therewith of State Bank & Trust Co. of Harrodsburg, Ky. v. O. B. Tivis, et al., and from evidence heard, is of the opinion and so finds, holds and adjudges that the conveyance to Marie Tivis is, having been made subsequent to the institution of these actions and being made to her without consideration, she is bound by the judgments in these actions and by the sale and conveyance of the property as effectively as if she had been made a party originally to these cases and brought before the Court prior to the entry of said judgments. It is therefore adjudged by the Court that the writ of possession for the property sold and conveyed herein be issued by the Clerk of this Court on request of the said purchaser, against O. B. Tivis, Sallie Tivis and Marie Tivis."

This record does not disclose what was finally done in the Kentucky Joint Stock Land Bank action.

The Bank in 1929 sold the land, so purchased at the Master Commissioner sale, to T. O. Payne. In 1942, T. O. Payne sold the land to his brother, W. H. Payne, the plaintiff below and appellant here. After W. H. Payne became the purchaser of the land he claims to have had opportunities to sell it, but the sale was interfered with each time because of slanderous remarks made by O. B. Tivis and his wife in that they claimed that at the death of Sallie E. Tivis, their daughter, Marie, would own the land.

This action was brought to clear his title and further to enjoin the defendants, Tivis and wife, from making these slanderous remarks upon the title to. his property. The cause went to judgment and the court held and adjudged that W. H. Payne had an absolute and fee simple title to the land, and that none of the defendants had any right, title, or interest therein. He denied the injunctive relief sought. He adjudged that the plaintiff

recover his costs against the defendants, Sallie T. Tivis, and Marie Tivis. The judgment provided further:

"To so much of the judgment as grants relief to the plaintiff the guardian ad litem for Marie Tivis, objects, excepts and prays an appeal to the Court of Appeals which is granted; and to so much of the judgment as denies the plaintiff injunctive relief, or any further relief than is granted by the judgment the plaintiff excepts and prays an appeal to the Court of Appeals which is granted."

However, in amended judgment, the Court set aside so much of the judgment theretofore entered as adjudged the costs in favor of the plaintiff against Sallie E. Tivis and Marie Tivis, and refused to adjudge any costs against them, to which ruling of the Court the plaintiff excepted and prayed an appeal to the Court of Appeals, which was granted. Payne prosecutes this appeal.

Relative to the matter of title, the appellant in brief states that the relief granted was substantially what the appellant was entitled to, but complained that it was granted on a completely erroneous view of the law. The Court below wrote an opinion setting up his reasoning and grounds for his finding. The appellant takes the view that the grounds and reasons, as stated in that opinion, were wrong, and in brief he attempts to show what the right rule is, and asks this court to write a few lines saying what the true rule is. We call appellant's attention to the fact that that matter is not before us inasmuch as he was granted an appeal only from so much of the judgment as was adverse to him, and there is no motion before this court for an appeal as affecting that portion of the judgment. It is true the guardian ad litem was granted an appeal from that portion of the judgment but that appeal was not taken by the guardian ad litem for Marie Tivis.

The matters then before us are those of the injunctive relief and costs. We have carefully gone over the evidence introduced concerning the matter of injunctive relief. The proof of the appellant in support thereof is not convincing. It seems that the statements complained of by the plaintiff were made prior to the time plaintiff became the owner of the property. It further appears that the prospective purchaser stated that he did not abandon his intent of purchasing by reason of

the statements of Tivis, but because his attorney advised him that by reason of the deed to Marie Tivis litigation might arise, thereby causing trouble. There is obvious failure here to meet the test of the rule necessary to maintain an action for slander of title. See Continental Realty Co., etc., v. Little, 135 Ky. 618, 117 S. W. 310; 37 C. J. Libel and Slander, Sec. 594 et seq. We think the Court below, in his opinion, made a correct appraisal of the evidence, correctly set out the applicable law, and properly denied the injunctive relief sought.

This leaves only the matter of costs. We have held that the question of costs alone is not appealable. However, when joined with another appealable question, we will consider it. It is obvious that regardless of the deed executed by Tivis to his wife and daughter, the wife had no interest in the land as she had joined in the mortgages, both before and after the execution of the deed, and was a party to the foreclosure proceedings. In answer to the action, both Tivis and his wife disclaimed any interest in the property, and, obviously, they had none. The Court found for them in the matter of the injunctive relief sought. Consequently, it was proper that no costs should have been assessed against them. The daughter, Marie, being an incompetent and of unsound mind, could not, in any way, have slandered the property of the appellant, and could not possibily have been involved in that portion of the action seeking injunctive relief. No guardian ad litem has been appointed for her before this Court, nor has there been any asked for her. Consequently, we cannot entertain the matter of costs here as against her. However, it might be added that after a careful review of the record and the proceedings herein, we are firmly convinced that the judgment of the Court below was proper in all respects.

Wherefore, the judgment is affirmed.