## Dunn v. Dunn.

October 1, 1948.

John T. Rone and E. S. Howard for appellant.

Otto C. Martin for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming in part, reversing in part.

On the ground of cruel and inhuman treatment, appellee, Ellen Lancaster Dunn, sued for and was granted an absolute divorce from appellant, James Dunn. She also sought and obtained restoration of certain items of personal property and a one-half undivided interest in a farm in Hancock County. This appeal is prosecuted from that judgment.

Appellant is here seeking reversal, insisting the court erred, first, in granting an absolute divorce to plaintiff below; second, in the restoration of the property; third, in refusing to allow appellant anything on his counterclaim for services alleged to have been performed for his wife; and fourth, in that, by the entry of the judgment, appellant is deprived of his curtesy in the real estate of the appellee without fault on his part.

On cross appeal appellee asks that so much of the judgment as directs her to pay the costs be reversed.

Appellant and appellee were married in October 1937, at which time they were about 65 and 55 years of age respectively. Each of the parties had been previously married, their former spouses having died. About five years prior to the marriage of the parties herein, appellee's mother deeded to appellee a farm of about 50 acres. About two years thereafter producing oil wells were drilled on this farm, and at the time of their marriage the royalties therefrom amounted to somewhere between $100 and $200 per month. Shortly prior to the marriage appellee had built a house on this tract of land at a cost of approximately $5,000. After the marriage the parties lived on this farm until sometime in October 1943, at which time they purchased property in Cloverport, to which they moved. The purchase price of the property in Cloverport was $1100, and was paid entirely by appellee. This property in Cloverport was conveyed to appellant and appellee jointly. The reasons assigned therefor appear to be somewhat contradictory. The parties lived in Cloverport for about eleven months when they traded their property there for a farm near Patesville, to which they moved and where they resided until the time of their separation. This farm also was conveyed to the parties jointly. About the time these parties moved to Cloverport, or soon thereafter, appellee deeded her farm of 50 acres situated in Ohio County to her daughter, retaining therein the royalty rights from the oil.

In his answer and counterclaim appellant asked for divorce on the grounds of cruel and inhuman treatment and sought judgment for services alleged to have been performed for his wife during the six years they lived together on the farm in Ohio County. He insists that he cleared the land, built a barn, cribs, and other out buildings, built fences and made needed and valuable improvements on the land during the six years from October 21, 1937, until October 1943, for which his wife agreed to pay him.

We shall dispose of the alleged errors above in order. In his brief appellant expresses awareness of the fact that this Court cannot reverse the lower court

in granting a divorce, but seems to entertain the notion that we can say that the court has exceeded its authority and illegally granted the divorce because of failure upon appellee's part to prove her grounds. The cases declaring divorce decrees to be irreversible are so numerous it is entirely unnecessary to cite more than a few. See Ramey v. Ramey, 224 Ky. 398, 6 S. W. 2d 470; Wilson v. Wilson, 239 Ky. 830, 40 S. W. 2d 314; and Williamson v. Williamson, 250 Ky. 41, 61 S. W. 2d 981. Attention might be called also to the statutory provision relative to appeals which excepts that portion of a judgment granting a divorce. KRS 21.060(b).

We consider the second point raised wherein appellant insists the court erred in ordering a restoration of the property. From the above statement of facts it clearly appears that all of the money that went into, first, the house at Cloverport, and then by trade into the farm, was the money of appellee. This is uncontradicted.

Appellant contends that the items of personal property restored to appellee were items purchased by appellee for appellant to replace other items which he had owned and used on the Ohio County farm, and which had been disposed of upon their leaving that farm. Appellee denies this. The record shows that at the time of his marriage appellant did own a little farm and two mules aged 19. But it also shows that he sold the farm for $300 and the mules for $120, and used the money mostly for his own personal benefit. The record shows that the farm and the disputed items of personal property were purchased entirely by appellee, and that appellant furnished no part of the purchase price. We have an express statutory provision that upon the granting of a divorce the parties shall be restored to such property as either of them obtained by reason of or in virtue of their marriage. KRS 403.060. The cases in support thereof are so numerous it becomes entirely unnecessary to cite them. The restoration made by the court below was proper.

We next come to the counterclaim for alleged services performed during the approximately six years they resided on the farm in Ohio County. There is no particular dispute over the fact that appellant did work on this farm, helped erect fences, moved a barn, and cleared

some land. But, according to the record, he received benefits from this since the cleared land was put in corn and tobacco, out of which appellant benefited. The record further shows by the testimony of Mr. O. T. Cobb, their groceryman, that the grocery bill amounted to about $30 or $35 per month and that this was paid out of the royalty checks of appellee. A perusal of the record shows that the appellee provided most of the living. It might be added here that appellant's son moved with his father to this home and was also the recipient of these benefits. In the light of the fact that it was the husband's obligation to provide the living, we cannot attach any particular significance to his counterclaim for the alleged services.

This brings us then to the last alleged error of the court, wherein appellant claims that he has been deprived of his right of curtesy by reason of the entry of the judgment herein. This is so contrary to, and out of line with, all concepts of the rights of dower and curtesy that we dismiss it merely by saying there is no merit in this claim.

This leads us then to appellee's contention on her cross petition. It is insisted that the court erred in adjudging that appellee should pay the cost of the action in face of the statutory provision that the husband shall pay the cost of divorce. This is true, of course, unless the wife be at fault and she have property of her own. KRS 453.120. She does have property, but we cannot say that she was at fault. True, we have held that the question of costs alone is not appealable. But, when joined with another appealable question, we will consider it. Payne v. Tivis et al., 302 Ky. 223, 194 S. W. 2d 381. Under the circumstances here, possibly no cross appeal should have been made. However, appellee had this right. Appellee was entitled to judgment for her costs. See Honaker v. Honaker, 182 Ky. 38, 206 S. W. 12; Ratliff v. Ratliff, 193 Ky. 708, 237 S. W. 397; Gibson v. Gibson, 199 Ky. 257, 250 S. W. 986; and Hartkemeier v. Hartkemeier, 248 Ky. 803, 59 S. W. 2d 1014. Consequently, the court erred in adjudging the costs as against the wife.

Wherefore, the judgment is affirmed on the direct appeal and reversed on the cross appeal.