## YOUNGBLOOD v. YOUNGBLOOD

(two cases).

Court of Appeals of Kentucky.

Oct. 17, 1952.

On appeal Mrs. Youngblood is complaining of that part of the judgment which granted Mr. Youngblood the custody of the child for a period of three months each year. She further urges that the sum adjudged for the support of the child is inadequate and, also, asks this Court to construe the judgment insofar as it concerns the title to the property formerly occupied by the parties as their home.

Mr. Youngblood has cross-appealed claiming that appellant was not entitled to alimony because Mrs. Youngblood was not "without fault" in causing their marital difficulties and that the sum awarded her for alimony is excessive. He further maintains that the chancellor failed to order a restoration of the property to which he was entitled under the provisions of Section 425 of the Civil Code of Practice.

With regard to the custody of the child this Court has repeatedly held that it is the welfare of the child, and not the wishes of the parents, which is the controlling factor in determining who shall have custody. The chancellor gave appellant the custody of the child for a period of nine months each year, beginning on the first day of September. From June 1 through August each year appellee was given custody. Under all the facts and circumstances we cannot say that the chancellor erred. In deciding this very important question a large discretion must be given the chancellor. He knows the parties and their witnesses and the circumstances and is in a better position to determine what disposition of the care and custody of the child will best promote its welfare.

While the sum of $25 a month is a rather small amount for the child's support in view of the prevailing high prices, yet we cannot say that it is inadequate under the evidence before us. In the event it is ascertained that this allowance is insufficient or if emergencies necessitate a greater amount for the child's needs, the chancellor, no doubt, will give a sympathetic hearing to a motion to alter this portion of the judgment. The court has jurisdiction to amend, change or to alter any provisions of the judgment respecting the care, custody, or

---

Dee L. McNeill, Hickman, for appellant.
R. A. Roberts, Mayfield, for appellee.

WADDILL, Commissioner.

In this action between Bertha Youngblood and her husband, Burl Youngblood, the chancellor entered a decree which granted Mrs. Youngblood a divorce and alimony, fixed the custody of their child with allowance for its support, and settled their property rights.

maintenance of the child as the circumstances of the parents and the welfare of the child may require. Burke v. Burke, 267 Ky. 734, 103 S.W.2d 291; Belknap v. Belknap, 265 Ky. 411, 96 S.W.2d 1012; Harmon v. Harmon, 264 Ky. 315, 94 S.W.2d 670; Skidmore v. Skidmore, 261 Ky. 327, 87 S.W.2d 631; Walden v. Walden, 250 Ky. 379, 63 S.W.2d 290; Middleton v. Middleton, 218 Ky. 398, 291 S.W. 359.

We do not find the judgment to be ambiguous as claimed by appellant. It clearly decides the issues presented and with respect to the property occupied as their home it plainly adjudges appellant to be the owner of an undivided one-half interest in the house and lot. Furthermore, the judgment specifically identifies this property as the "residence house and lot conveyed to Bertha Youngblood by Burl Youngblood, deed of date August 2, 1948 of D.B. 144, p. 89, Graves County Court Clerk's Office."

On cross-appeal appellee insists that appellant was not entitled to alimony because evidence discloses that her conduct contributed to bring about their marital difficulties. We cannot agree with this contention. The chief complaint made by appellee to his wife's conduct is that she permitted some neighbors, referred to as gypsies, to frequent their home and to impose themselves upon the hospitality of Mrs. Youngblood. On occasions they all went skating together. Certainly evidence of this character is not sufficient to deprive appellant of alimony. Green v. Green, 152 Ky. 486, 153 S.W. 775, 777. When the chancellor found appellant not at fault and granted her a divorce, alimony followed as a matter of right. Dayton v. Dayton, 290 Ky. 418, 161 S.W.2d 618; McDonald v. McDonald, 279 Ky. 688, 132 S.W.2d 49; Lowry v. Lowry, 209 Ky. 257, 272 S.W. 736; Gibson v. Gibson, 199 Ky. 257, 250 S.W. 986.

Appellee next complains that the amount of alimony awarded appellant is unreasonable. The allowance of lump sum alimony is a matter that is within the sound discretion of the chancellor. In fixing the allowance, the wife's age, health, and means to support herself may be considered as well as the husband's income and earning capacity. While the amount awarded appellant may be considered liberal, we cannot say it is excessive.

Appellee next complains that the chancellor erred in not restoring to him the land which he conveyed to appellant during their marriage. Section 425, Civil Code of Practice.

The house and lot which the parties occupied as their home was purchased from appellant's father. The deed conveyed the property to both appellant and appellee with the survivorship clause. In August, 1948, appellee conveyed his interest therein to appellant in settlement of a marital controversy then existing. We have held that Section 425 of our Civil Code of Practice can have no application to property that has been given by the husband to the wife in settlement of a claim asserted by her in a suit for alimony. Hoffman v. Hoffman's Ex'r, 153 Ky. 441, 155 S.W. 1142; Johnson v. Johnson, 96 Ky. 391, 29 S.W. 322; Flood v. Flood, 5 Bush 167, 68 Ky. 167. The chancellor gave each party a one-half interest in the property and this ruling we think was correct under the facts and circumstances surrounding it.

During the pendency of the divorce action, appellant instituted a forcible detainer action against appellee. This action is before us and has been consolidated with the above case for decision.

On trial of the forcible detainer case in the circuit court a jury was waived, and after hearing the evidence, the court found appellee not guilty.

The decree entered in the divorce action adjudging appellant and appellee to be the owners of a one-half undivided interest in this property is determinative of the question presented in the forcible detainer case. The judgment entered by the circuit court was correct.

The judgment in each case is affirmed.